**Benjamin REYES, Appellant,**

v.

**The STATE of Texas.**

**No. 1297–98.**

Court of Criminal Appeals of Texas, En Banc.

June 2, 1999.

Kirk J. Oncken, Brian W. Wice, Wendell A. Odom, Jr., Houston, for appellant.

Kelly Ann Smith, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION

WOMACK, J., delivered the opinion for a unanimous Court. MEYERS, J., has a note.

The issue is whether a defendant's confession of guilt at the punishment stage of a criminal trial cures an error that was committed at the guilt stage of the trial but which affected the punishment stage of the trial. We hold that it does not, loose language in one of our prior opinions notwithstanding.

A jury of 11 members found the appellant guilty of aggravated robbery and assessed a punishment of 22 years' imprisonment. During the guilt stage of the bifurcated trial, the court ruled that one member of the jury of 12 was disabled from sitting, and the remainder of the jury rendered the verdict of guilt and the verdict of punishment.[1] The appellant

complained of this ruling in a point of error before the Court of Appeals, which overruled the point and affirmed the judgment of conviction. *Reyes v. State*, 971 S.W.2d 737 (Tex.App.—Houston [14th Dist.] 1998). We granted discretionary review.

The Court of Appeals "h[e]ld that appellant waived any error based on the trial court's decision to dismiss [the juror] from the jury when he admitted his guilt during the punishment stage of the trial." *Id.* at 738. The majority of the court relied on a statement in *DeGarmo v. State*, 691 S.W.2d 657, 661 (Tex.Cr.App.1985):

> that if a defendant does not testify at the guilt stage of the trial, but does testify at the punishment stage of the trial, and admits his guilt to the crime for which he has been found guilty, ... [t]he law as it presently exists is clear that such a defendant not only waives a challenge to the sufficiency of the evidence, but he also waives any error that might have occurred during the guilt stage of the trial.

*Accord, McGlothlin v. State*, 896 S.W.2d 183, 186 (Tex.Cr.App.1995); *Mays v. State*, 904 S.W.2d 920, 925 (Tex.App.—Fort Worth 1995, no pet.).

We recently pointed out that "it was breathtaking to read ... this sweeping statement" in the *DeGarmo* opinion, since an admission of guilt at the punishment stage had never been held to waive any error other than one relating to the admissibility or sufficiency of evidence, and there were "plentiful" examples of this Court's reviewing guilt-stage errors when defendants had admitted their guilt at the punishment stages. *Leday v. State*, 983 S.W.2d 713, 722 (Tex.Cr.App.1998).

---

1. "Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman. Except [in a capital case in which an alternate juror has been selected], however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it." TEX.CODE CRIM. PROC. art. 36.29(a).

But it is another aspect of this statement in *DeGarmo* that concerns us today. It was inaccurate for the *DeGarmo* Court to say that a defendant's admission of guilt at the punishment stage nullified errors that "occurred" at the guilt stage of the trial. As the dissenting justice in the court below pointed out:

"The *DeGarmo* waiver doctrine referred to in *McGlothlin* is causal, not temporal, in nature. When a defendant admits his guilt at the punishment phase of the trial, he does not waive all error committed *during* the guilt/innocence phase; he waives all error that could arguably have *caused* the rendition of an improper verdict [of guilt]. While an error affecting the guilty verdict must logically precede that verdict, it is not the *time* the error occurs that brings it within the *DeGarmo* doctrine. Rather, the doctrine applies to errors committed in *attaining* that verdict. Under the *DeGarmo* doctrine, such errors are waived not because they were committed during the guilt/innocence phase of the trial, but because the issue of defendant's guilt or innocence has been mooted by his judicial confession.

"The prejudicial impact of an error committed during guilt/innocence may extend into the punishment phase of a trial. If, for example, inadmissible evidence is introduced over a defendant's objection during the guilt/innocence phase of the trial, and the evidence would unfairly prejudice the jury's assessment of punishment, the defendant's subsequent admission of guilt does not waive the 'punishment error' merely because the error was committed during the guilt/innocence phase of the trial.

"Here, the error occurred during the guilt/innocence phase of the trial, but its effect extends to *both* stages of appellant's bifurcated trial. While I agree that whatever detrimental effect the error may have had upon the jury's finding of guilt was waived when appellant judicially confessed, a defendant's right to a jury trial does not end with a finding of guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 27.02 (Vernon 1989). A defendant may plead guilty and still insist upon having a jury of twelve people assess his punishment."

*Reyes v. State, supra,* at 739 (Hudson, J., dissenting) (footnote omitted).

The court below was led into the error of literally following our ill-written dictum in *DeGarmo*. Even though the trial court's ruling was made at the guilt stage of the trial, its effect on the punishment verdict took it outside the application of the *DeGarmo* doctrine.

The judgment of the Court of Appeals is reversed and the case is remanded to that Court for further consideration of the appellant's point of error.

MEYERS, J., concurs with note: I join the opinion of the majority for the reasons stated in its opinion, as well as the reasons articulated in my dissenting opinion in *McGlothlin v. State*, 896 S.W.2d 183 (Tex.Crim.App.1995).