Martin Thomas SCHWEINLE,
Appellant,

v.

The STATE of Texas, Appellee.

No. 01–98–00160–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 29, 1999.

Robert G. Turner, Turner & Gottlieb, Houston, for Appellant.

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

John B. Holmes, District Attorney of Harris County, Carmen Castillo Mitchell, Assistant District Attorney of Harris County, Houston, for State.

Panel consists of Justices HEDGES, ANDELL, and DUGGAN.*

OPINION

ADELE HEDGES, Justice.

A jury found appellant, Martin Thomas Schweinle, guilty of aggravated kidnapping and assessed punishment at ten years in prison. We affirm.

**PUNISHMENT HEARING**

■ In point of error four, appellant argues that he is entitled to a new punishment hearing because he was unable to set forth a sufficient defense during punishment due to the dilemma created by the *DeGarmo* [1] doctrine.

Appellant contends that because of *DeGarmo*, he "was not able to place himself in a more sympathetic light before the jury during the punishment stage." Appellant contends he faced the dilemma of admitting guilt, in hope of leniency from the jury in assessing punishment, with the consequence being that he waived errors at the guilt-innocence phase, or preserving error by not admitting guilt, with the consequence being that he could not show the jury any remorse for his actions. On appeal, he argues that because the dilemma created by the *DeGarmo* doctrine has been repudiated, he is entitled to a new punishment hearing.

The court of criminal appeals has abrogated the *DeGarmo* doctrine to the extent that *DeGarmo* prevented a defendant from raising on appeal errors occurring at the guilt-innocence phase when a defendant admitted his guilt at the punishment phase of a trial. *See Leday v. State,* 983 S.W.2d

1. *DeGarmo v. State,* 691 S.W.2d 657 (Tex. Crim.App.1985), *overruled by Leday v. State,* 983 S.W.2d 713 (Tex.Crim.App.1998).

713 (Tex.Crim.App.1998); *Reyes v. State*, 994 S.W.2d 151 (Tex.Crim.App.1999).

Appellant's argument is a novel application of *Leday*, but we are not the first court to be presented with the issue. The San Antonio appellate court recently addressed the same issue in *Gonzales v. State*, No. 04–98–00615–CR, 1999 WL 436480 (Tex.App.—San Antonio June 30, 1999, no pet. h.). The issue in *Gonzales* was "whether [the defendant] was somehow given a stiffer sentence (e.g. denied probation) solely on the basis that he refused to admit guilt, or specifically, his failure to show remorse." *Gonzales*, No. 04–98–00615–CR, slip op. at ——.

■ We are presented with the same issue. In reviewing the granting of probation, we apply an abuse of discretion standard. *Flournoy v. State*, 589 S.W.2d 705, 707 (Tex.Crim.App.1979). In the present case, appellant was eligible for probation and filed a motion for probation. He testified during both phases of the trial, but never admitted his guilt. During the punishment phase, the jury heard three witnesses who each offered a negative opinion of appellant's character for being a peaceful and law-abiding citizen. Appellant was assessed ten years in prison and denied probation. There is no evidence in the record that he was given a stiffer sentence because he did not admit his guilt. The denial of probation was not an abuse of discretion.

We overrule appellant's point of error four.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App. P. 47, and is thus ordered not published.

We affirm the judgment of the trial court.

