Benjamin REYES, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–96–00983–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 23, 1999.

Kirk J. Oncken, Houston, for appellants.

Kelly Ann Smith, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices ANDERSON and HUDSON.

## OPINION ON REMAND

PAUL C. MURPHY, Chief Justice.

This matter is before this Court on remand from the Texas Court of Criminal Appeals. *See Reyes v. State,* 994 S.W.2d 151 (Tex.Crim.App.1999).[1]

Appellant was indicted for the first degree felony offense of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (Vernon 1994). Appellant pleaded not guilty and was tried by a jury. Following its guilty finding and its finding that the enhancement allegation of his indictment was "true," the jury assessed Appellant's punishment at twenty-two years' confinement in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 12.32(a) (Vernon 1994). On appeal, Appellant presents a single point of error, contending that the trial court erred in allowing only eleven jurors

---

1. *See also Reyes v. State,* 971 S.W.2d 737 (Tex.App.-Houston [14 th Dist.] 1998), *rev'd,* 994 S.W.2d 151 (Tex.Crim.App.1999).

to assess his punishment. We reverse and remand.

After the jury in this case was sworn and the State presented several witnesses, the trial court dismissed one of the twelve jurors *sua sponte* because of a reported disability. Over Appellant's objection, the trial resumed with eleven jurors. After he was found guilty, Appellant testified in his own behalf during the punishment phase of the trial. While testifying, Appellant repeatedly admitted to having committed aggravated robbery, stated that he was remorseful, and asked the jury for leniency.

In our earlier opinion, relying on the *DeGarmo* doctrine, we held that Appellant waived any error based on the trial court's decision to continue the trial with eleven jurors because he admitted his guilt during the punishment phase of the trial. *See Reyes*, 971 S.W.2d at 738 (citing *DeGarmo v. State*, 691 S.W.2d 657, 661 (Tex.Crim. App.1985)). Upon Appellant's petition for discretionary review, the Court of Criminal Appeals held that we were "led into the error of literally following [its] ill-written dictum in *DeGarmo*. Even though the trial court's ruling was made at the guilt stage of the trial, its effect on the punishment verdict took it outside the application of the *DeGarmo* doctrine." *Reyes*, 994 S.W.2d at 153.

The *DeGarmo* doctrine provides the following:

[I]f a defendant does not testify at the guilt stage of the trial, but does testify at the punishment stage of the trial, and admits his guilt to the crime for which he has been found guilty, ... [t]he law as it presently exists is clear that such a defendant not only waives a challenge to the sufficiency of the evidence, but he also waives any error that might have occurred during the guilt stage of the trial.

*Reyes*, 994 S.W.2d at 152 (quoting *DeGarmo*, 691 S.W.2d at 661); *see also Leday v.*

*State*, 983 S.W.2d 713, 724 (Tex.Crim.App. 1998).

■■■ The Court of Criminal Appeals, relying heavily on Justice Hudson's dissent in our earlier opinion, noted that the alleged error in dismissing the juror in this case occurred during the guilt/innocence phase of the trial, but its effect extended to both stages of Appellant's bifurcated trial. *See Reyes*, 994 S.W.2d at 153 (quoting *Reyes*, 971 S.W.2d at 739 (Hudson, J., dissenting)). Moreover, while Appellant is estopped from complaining of any error in permitting eleven jurors to determine his guilt/innocence because he judicially confessed during the punishment phase of trial, a defendant's right to a jury trial does not end with a finding of guilt. *See id.; see also Leday*, 983 S.W.2d at 720 (the *DeGarmo* doctrine is more like estoppel than waiver). The Court of Criminal Appeals held that because the complained of error in this case may have tainted Appellant's "punishment verdict," such error occurring during the punishment of trial is subject to review upon appeal because it is outside the scope of the *DeGarmo* doctrine. *See Reyes*, 994 S.W.2d at 153. In other words, when a defendant judicially confesses his guilt during the punishment phase of trial, the *DeGarmo* doctrine precludes appellate review of certain errors[2] occurring during the guilt/innocence phase of trial, but will not preclude appellate review of errors occurring during the punishment phase of trial.

The jury in this case was reduced from twelve to eleven after one of the jurors approached the trial judge during the afternoon recess and revealed that during the course of the trial, he came to the realization that he knew Appellant from high school. The juror expressed his concern about the possibility of retaliation. As a result of his concern, he commented that he did not believe he could follow his oath as a juror. The trial judge *sua*

---

2. *See Leday*, 983 S.W.2d at 725.

*sponte* excused the juror, resuming trial the following day with eleven jurors.

When a juror dies or becomes "disabled from sitting," the trial court has the discretion to continue the trial with eleven jurors with or without the defendant's consent. *See* TEX.CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp.1999). The phrase "disabled from sitting" has been interpreted by the Court of Criminal Appeals as referring to a physical, mental, or emotional disability. *See Ramos v. State*, 934 S.W.2d 358, 369 (Tex.Crim.App. 1996); *Carrillo v. State*, 597 S.W.2d 769, 771 (Tex.Crim.App.1980). The term "disabled," however, does not encompass bias or prejudice. *Bass v. State*, 622 S.W.2d 101, 105 (Tex.Crim.App.1981); *see also Landrum v. State*, 788 S.W.2d 577, 578 (Tex.Crim.App.1990).

The State contends that the dismissed juror in this case became mentally or emotionally "disabled from sitting" due to his fear of retaliation. However, any juror who returns a guilty verdict faces at least the remote *possibility* of retaliation. For the fear of retaliation to become a debilitating influence, the juror must first conclude that the defendant possesses both the will and the means to harass, intimidate, or otherwise punish him for his verdict. Such fear is based upon the perception that the defendant is endowed with a mean and spiteful character. Thus, the fear of retaliation flows from a bias or prejudice against the defendant. This fear may be well-founded and clearly justified, and it may warrant a mistrial if the juror is incapable of further service. However, we conclude that fear of retaliation is not the kind of "disability" envisioned by the legislature when it enacted article 36.29 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp.1999).

Accordingly, the trial court erred when it, without Appellant's consent, dismissed the juror. As noted above, however, by judicially confessing his guilt, Appellant waived error relating to the continuation of the guilt/innocence phase of his trial with eleven jurors. On the other hand, being outside the scope of the *DeGarmo* doctrine, we find reversible error in the trial court's decision to allow the jury comprised of eleven members to assess Appellant's punishment. Appellant's Point of error is sustained.

The judgment is reversed and this cause is remanded to the trial court for a new punishment trial consisting of twelve jurors.