TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00157-CR







James Edward Nealy, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 48,441, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







 A jury convicted James Edward Nealy of aggravated assault with a deadly weapon. 
The court assessed punishment at life in prison. Appellant contends that the district court erred
by refusing to include a charge on a lesser included offense and that the evidence was factually
and legally insufficient to support the conviction. We will affirm the judgment.


BACKGROUND


 The assault arose out of a dispute between appellant and Gene Wilson, the victim's
father. Centwane Hopson, the victim, testified that he saw his father and appellant arguing across
a car. Hopson said he heard appellant say to Wilson, "I'm going to kill you." When Hopson
believed appellant was about to attack Wilson, Hopson tried to restrain appellant. Appellant
reached into a pocket, then swung his arm wildly. Hopson sensed that appellant was reaching for
a weapon and jumped back even though he could not see the weapon; Hopson said he later saw
that the weapon was a hook knife. 

 Hopson testified that his injury was not serious. He did not realize he was cut on
his left side until after he called the police. He said he noticed that his shirt was cut before the
wound began stinging. Rather than seek medical attention, he rubbed alcohol on it and cleaned
up the little bit of blood on the wound. He did not know where the shirt ended up. He conceded
that the wound could have been caused by something other than a knife, but did not remember
anything on appellant's clothing that could have caused the injury.

 Hopson testified that the knife had been on a table outside the house. It had been
used by a man who was painting the house. He had not seen appellant using it before. Hopson
testified that the knife was lying on top of the newly cut grass when police arrived.

 Wilson, Hopson's father, testified similarly to Hopson with some discrepancies. 
For instance, Wilson said that Hopson knew immediately that appellant had cut him. His account
also differed from Hopson's in that he said Hopson's mother, Janice Leak, discovered the knife
in the yard a couple of days later. Wilson additionally testified that, after appellant swung at
Hopson, they fell to the ground briefly; though invited to do so, Wilson did not state that Hopson
and appellant struggled while on the ground. Wilson said he saw the knife handle protruding from
appellant's hand at the time of the assault, then saw the whole knife at the police station a couple
of days later. 

 Leak testified that she found the knife a day or two after the assault. She said she
had seen appellant using the knife before. She was not present during the assault. She said
Hopson was just bleeding a little bit; she did not remember his shirt being cut.

 A police detective testified that the knife in evidence and almost any sharp object
can be a deadly weapon. He testified that Leak brought the knife into the police station about
three weeks after the assault, saying that she found it the day after the assault. The detective saw
no blood on the knife and did not check it for fingerprints because so many people had handled
it. He testified that the knife could have caused the cut; he agreed, however, that any number of
other sharp objects could have cause it, as could rubbing against something sharp.


DISCUSSION


 Appellant raises three points of error. He contends the court erred by not
submitting an instruction on the lesser included offense and that insufficient evidence supports the
judgment.

 Appellant contends by point of error two that, besides the aggravated assault
charge, the court should have given the jury the option of convicting him of assault with bodily
injury. Courts must give a lesser-included-offense instruction if (1) proof of the
lesser-included-offense is included within the proof necessary to establish the offense charged and
(2) some evidence exists in the record that, if guilty, the defendant is guilty only of the lesser
offense. Medina v. State, 994 S.W.2d 153, 159 (Tex. Crim. App. 1999). The first factor is
undisputedly present here. Aggravated assault includes the elements of assault and adds the
requirement that the assailant use a deadly weapon. See Tex. Penal Code Ann. §§ 22.01(a)(1) &
22.02(a)(2) (West 1994). (1) A deadly weapon is "anything that in the manner of its use or its
intended use is capable of causing death or serious bodily injury." Appellant could be convicted
of simple assault alone only if the jury believed he caused Hopson's injury without using a deadly
weapon.

 We find no evidence in the record that appellant is guilty only of the lesser offense. 
Appellant contends that there is evidence that the knife or sharp object "was not used in such a
manner as to render it a deadly weapon." We do not find such evidence in the record. The
evidence is that, as Hopson tried to restrain appellant, appellant grabbed a knife, swung the knife
at Hopson, and cut him despite Hopson's attempt to evade injury. The police officer's testimony
that the knife could be a deadly weapon was uncontroverted. Evidence that Hopson avoided
serious injury by evading appellant's thrust does not require giving the rejected instruction because
there is no evidence that the knife was not capable of causing death or serious bodily injury when
swung at close quarters. (2) Testimony that Hopson's cut could have come from some non-assaultive
cause does not require giving the rejected instruction. Because the cut was the only bodily injury
Hopson claimed, a finding that it had a non-assaultive cause would have exonerated appellant of
both the rejected bodily injury assault charge and the aggravated assault charge; because the
appellant could not have been convicted only of assault with bodily injury, the court did not err
by refusing the lesser included charge. We overrule point two.

 By point of error one, appellant contends that the evidence is legally insufficient
to support the judgment. When reviewing the legal sufficiency of the evidence, we view the
evidence in the light most favorable to the prosecution to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19 (1979). 

 We conclude that legally sufficient evidence supports the verdict. Viewed most
favorably to the prosecution, the evidence shows that appellant swung a knife at Hopson at close
quarters, slicing through Hopson's shirt and cutting him; Hopson averted serious injury by
jumping away. Testimony showed that the knife was capable of causing serious bodily injury or
death. The evidence supplies all the elements of aggravated assault.

 By point of error three, appellant contends the evidence was factually insufficient
to support a conviction of aggravated assault with a deadly weapon. When reviewing the factual
sufficiency of the evidence, we view the evidence without a presumption, but can set aside the
verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996).

 We conclude that factually sufficient evidence supports the verdict. There is some
conflict among and within the witnesses' testimony, particularly regarding the sequence of events
leading to the assault and regarding when the knife was found. There is no evidence that Hopson
did not suffer a cut, and the finding that appellant caused the cut was not overwhelmed by the
testimony that the cut could have been caused by something else. Both Hopson and Wilson
testified that appellant used the knife when swinging at and cutting Hopson, and the jury's
apparent finding that he did is not contrary to the overwhelming weight of the evidence. The
evidence that the knife, when swung at close quarters, could cause serious bodily injury or death
was not countered by any testimony other than the fact that, in this case, it caused only a
superficial wound; as discussed above, the capability of the weapon as used is the issue, not the
seriousness of the wound caused. The evidence supplies the elements of the offense. We overrule
point three.


CONCLUSION


 Having overruled all three points of error, we affirm the judgment of conviction.



 
 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: December 2, 1999

Do Not Publish
1. "A person commits an offense if the person commits an assault as defined in Section 22.01
and the person:


* * *


(2) uses or exhibits a deadly weapon during the commission of the assault."


Tex. Penal Code Ann. § 22.02(a) (West 1994) (emphasis added.). A person may commit assault
by threat or unwanted touching (section 22.01(a)(2) & (a)(3)) and may commit aggravated assault
if the assault causes serious bodily injury (section 22.02(b)), but none of those modes of assault
or aggravation is alleged here.
2. Though the statute permits the State to prove aggravated assault by showing the victim
suffered serious bodily injury (see Penal Code art. 22.02(a)(1)), serious bodily injury is not
alleged here. 



-assaultive cause would have exonerated appellant of
both the rejected bodily injury assault charge and the aggravated assault charge; because the
appellant could not have been convicted only of assault with bodily injury, the court did not err
by refusing the lesser included charge. We overrule point two.

 By point of error one, appellant contends that the evidence is legally insufficient
to support the judgment. When reviewing the legal sufficiency of the evidence, we view the
evidence in the light most favorable to the prosecution to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19 (1979). 

 We conclude that legally sufficient evidence supports the verdict. Viewed most
favorably to the prosecution, the evidence shows that appellant swung a knife at Hopson at close
quarters, slicing through Hopson's shirt and cutting him; Hopson averted serious injury by
jumping away. Testimony showed that the knife was capable of causing serious bodily injury or
death. The evidence supplies all the elements of aggravated assault.

 By point of error three, appellant contends the evidence was factually insufficient
to support a conviction of aggravated assault with a deadly weapon. When reviewing the factual
sufficiency of the evidence, we view the evidence without a presumption, but can set aside the
verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996).

 We conclude that factually sufficient evidence supports the verdict. There is some
conflict among and within the witnesses' testimony, particularly regarding the sequence of events
leading to the assault and regarding when the knife was found. There is no evidence that Hopson
did not s