Benjamin REYES, Appellant,

v.

The STATE of Texas.

No. 1901–99.

Court of Criminal Appeals of Texas, En Banc.

Oct. 25, 2000.

Kirk J. Oncken, Houston, for appellant.

Kelly Ann Smith, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION

JOHNSON, J., delivered the opinion for a unanimous Court.

Appellant Benjamin Reyes was convicted of aggravated robbery by a jury of eleven, and his punishment was assessed at twenty-two years confinement. In his first appeal, the court of appeals affirmed the conviction, holding that appellant had waived error by admitting guilt during the punishment phase. *Reyes v. State,* 971 S.W.2d 737 (Tex.App.—Houston [14th Dist.] 1998). This Court reversed and remanded. *Reyes v. State,* 994 S.W.2d 151 (Tex.Crim.App.1999). On remand, the court of appeals reversed and remanded for a new punishment trial. *Reyes v. State,* 2 S.W.3d 749 (Tex.App.—Houston [14th Dist.] 1999). We granted the state's

petition for discretionary review to determine: (1) whether "[t]he court of appeals erred by summarily reversing the appellant's conviction without conducting a harm analysis pursuant to Tex.R.App.P. 44.2;" and (2) whether "[t]he court of appeals erred, because the court: (a) failed to give due deference to the trial court's determination that [a] juror ... was emotionally and/or mentally disabled from sitting as a juror; and (b) failed to apply the proper standard of review; and (c) contradicted this court's established precedent." We reverse and remand.

After the jury was sworn and the state had presented the testimony of several witnesses at the guilt/innocence phase of the trial, a juror notified the court that he realized that he knew appellant from high school. He informed the court that he did not say anything during jury selection the previous day because he did not then recognize appellant. However, he informed the court that he worked on the same side of town where appellant resided and he expressed concern about the possibility of retaliation. The court questioned the juror and concluded that he could not render a proper verdict for fear of retaliation. Therefore, over appellant's objection, he discharged the juror as mentally disabled pursuant to Tex.Code Crim.Proc. art. 36.29. The remaining eleven jurors found appellant guilty and assessed punishment.

On appeal, appellant complained that the trial court erred in excusing the juror on its own motion after the case had begun, and that this error invalidated the punishment assessed against appellant. Initially, the court of appeals affirmed. It held that, pursuant to *DeGarmo v. State,* 691 S.W.2d 657 (Tex.Crim.App.1985), *overruled by Leday v. State,* 983 S.W.2d 713 (Tex.Crim.App.1998), appellant waived any error when he admitted his guilt during the punishment phase of trial. *Reyes,* 971 S.W.2d at 738. On appellant's petition for discretionary review, we reversed the court of appeals. We held that the court had erred in following the "ill-written dic-

tum of *DeGarmo"* and that, although the trial court's ruling on the discharge of the juror was made during the guilt/innocence stage of trial, its effect on the punishment verdict took it outside application of the *DeGarmo* doctrine. *Reyes,* 994 S.W.2d at 153. Therefore, we reversed the judgment of the court of appeals and remanded the cause to that court for further consideration of appellant's point of error. *Id.*

On remand, the court of appeals held that fear of retaliation is based on a bias or prejudice against a defendant. *Reyes,* 2 S.W.3d at 752. Because it found that the term "disabled," as used in TEX.CODE CRIM. PROC. art. 36.29(a),[1] does not encompass bias or prejudice, it held that fear of retaliation was not the kind of "disability" envisioned by the legislature when it enacted art. 36.29(a). *Id.* Therefore, it reversed and remanded for a new punishment trial consisting of twelve jurors. *Id.*

Article 36.29(a) provides that "[n]ot less than twelve jurors can render and return a verdict in a felony case ... however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict." In interpreting the language concerning "disability" as it relates to the various provisions of art. 36.29,[2] we have recognized that a disability is not limited to physical disease, but also includes "any condition that inhibits a juror from fully and fairly performing the functions of a juror." *Griffin v. State,* 486 S.W.2d 948, 951 (Tex.Crim.App.1972). *See also, Ramos v. State,* 934 S.W.2d 358, 369 (Tex. Crim.App.1996), *cert. denied,* 520 U.S. 1198, 117 S.Ct. 1556, 137 L.Ed.2d 704 (1997); *Bass v. State,* 622 S.W.2d 101, 106 (Tex.Crim.App.1981), *cert. denied,* 456 U.S. 965, 102 S.Ct. 2046, 72 L.Ed.2d 491 (1982). We have further held that this condition may result from physical illness, mental condition, or emotional state. *See, e.g., Brooks v. State,* 990 S.W.2d 278, 286 (Tex. Crim.App.1999), *cert. denied,* 528 U.S. 956, 120 S.Ct. 384, 145 L.Ed.2d 300 (1999); *Landrum v. State,* 788 S.W.2d 577, 579 (Tex.Crim.App.1990); *Carrillo v. State,* 597 S.W.2d 769, 771 (Tex.Crim.App.1980). Thus, the dismissal of jurors as "disabled from sitting" have been upheld for varied reasons beyond physical illness. *See, e.g., Edwards v. State,* 981 S.W.2d 359, 366–7 (Tex.App.—Texarkana 1998, no pet.) (juror's inability to find child care for son led trial judge to believe that she could not be fair juror or impartially deliberate upon evidence); *Allen v. State,* 867 S.W.2d 427, 429–30 (Tex.App.—Beaumont 1993, no pet.) (juror distraught over two family deaths within twenty-four hour period); *Freeman v. State,* 838 S.W.2d 772 (Tex. App.—Corpus Christi 1992, pet. ref'd) (juror who provided sole financial support for his family so concerned about absence from job that he did not feel that he could be attentive during trial).

---

1. Art. 36.29, titled "If a juror becomes ill," provides in relevant part:

   (a) Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman. Except as provided in Subsection (b) of this section, however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it.

2. This language also appears in art. 36.29(b), which provides:

   If alternate jurors have been selected in a capital case in which the state seeks the death penalty and a juror dies or becomes disabled from sitting at any time before the charge of the court is read to the jury, the alternate juror whose name was called first under Article 35.26 of this code shall replace the dead or disabled juror. Likewise, if another juror dies or becomes disabled from sitting before the charge of the court is read to the jury, the other alternate juror shall replace the second juror to die or become disabled.

**412**

We have also held that a juror's bias or prejudice for or against a defendant does not render a juror "disabled." *Ex parte Hernandez,* 906 S.W.2d 931, 932 (Tex.Crim.App.1995), *overruled on other grounds by Hatch v. State,* 958 S.W.2d 813, 816 (Tex.Crim.App.1997); *Carrillo,* 597 S.W.2d at 769–71. However, in each of these cases, the juror merely had some knowledge of the defendant; nothing in the record indicates that there was any evidence that such knowledge resulted in inhibiting the juror from "fully and fairly" performing his functions as a juror. *See Hernandez,* 906 S.W.2d at 931-2; *Carrillo,* 597 S.W.2d at 770. Thus, these cases do not foreclose the possibility that a juror is "disabled," as that term has been construed with regard to art. 36.29, through knowledge of a defendant when such knowledge "inhibits [him] from fully and fairly performing the functions of a juror." *Griffin,* 486 S.W.2d at 948. That is, while mere knowledge of a defendant cannot, in and of itself, render a juror "disabled," the effect of such knowledge on a juror's mental condition or emotional state may result in rendering the juror "disabled" as that term has been construed with regard to art. 36.29. Thus, we hold that the court of appeals erred in determining that under our precedents, fear of retaliation due to a juror's knowledge of a defendant can never result in rendering the juror "disabled" as set out in art. 36.29. The state's ground for review concerning the court of appeals' contradiction of precedent is sustained.[3]

The judgment of the court of appeals is reversed, and the cause is remanded for proceedings consistent with this opinion.

---

**3.** Due to our disposition of this ground, we dismiss the state's remaining grounds for re-   view.