**Benjamin REYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–96–00983–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 7, 2001.

Kirk J. Oncken, Sugar Land, Brian W. Wice, Houston, for appellants.

Kelly Ann Smith, Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and MURPHY.*

## OPINION ON REMAND

PAUL C. MURPHY, Senior Chief Justice.

This matter is before this Court for the second time, on remand from the Texas Court of Criminal Appeals. *See Reyes v. State*, 30 S.W.3d 409 (Tex.Crim.App.2000); *see also Reyes v. State*, 994 S.W.2d 151 (Tex.Crim.App.1999).

Appellant was indicted for the first degree felony offense of aggravated robbery. *See* TEX. PEN.CODE ANN. § 29.03 (Vernon 1994). Appellant plead not guilty and was tried by a jury. The jury found appellant guilty and sentenced him to twenty-two years' confinement. On appeal, appellant contends that the trial court erred in allowing only eleven jurors to assess his punishment. We affirm.

In appellant's initial appeal, we held that appellant waived any error based on the trial court's decision to continue the trial with eleven jurors because he admitted his guilt during the punishment phase of the trial. *Reyes v. State*, 971 S.W.2d 737, 738 (Tex.App.—Houston [14th Dist.] 1998), *rev'd*, 994 S.W.2d 151 (Tex.Crim.App.1999). Upon appellant's petition for discretionary review, the Court of Criminal Appeals held that because the complained of error may have tainted appellant's punishment verdict, such error is outside the scope of the *DeGarmo* doctrine and subject to review on appeal. *Reyes v. State*, 994 S.W.2d at 153. The Court of Criminal Appeals reversed our initial opinion and remanded the case for further consideration. *Id.*

In our second opinion, we were called upon to determine whether the trial court erred when it, without appellant's consent,

dismissed the juror. *Reyes v. State*, 2 S.W.3d 749, 750 (Tex.App.—Houston [14th Dist.] 1999), *rev'd*, 30 S.W.3d 409 (Tex. Crim.App.2000). The trial court dismissed the juror based on what the trial court found to be a fear of retaliation. *Id.* at 751–52. Moreover, the trial court avoided having to declare a mistrial by determining that such fear disabled the juror from sitting, thus giving the trial court the discretion to continue the trial with eleven jurors, with or without appellant's consent. *See* TEX.CODE CRIM. PROC. ANN. Art. 36.29(a) (Vernon Supp.2001). We held that fear of retaliation is not the kind of disability envisioned by the legislature when it enacted article 36.29 of the Code of Criminal Procedure. *Reyes v. State*, 2 S.W.3d at 752. In reaching this conclusion, we relied upon Court of Criminal Appeals' cases holding that disabled from sitting refers to a physical, mental, or emotional disability, *Ramos v. State*, 934 S.W.2d 358, 369 (Tex.Crim. App.1996); *Carrillo v. State*, 597 S.W.2d 769, 771 (Tex.Crim.App.1980), which does not encompass bias or prejudice. *Landrum v. State*, 788 S.W.2d 577, 578 (Tex. Crim.App.1990); *Bass v. State*, 622 S.W.2d 101, 105 (Tex.Crim.App.1981). Accordingly, we sustained appellant's sole point of error and reversed the trial court. *Reyes v. State*, 2 S.W.3d at 752. The Court of Criminal Appeals, again, granted discretionary review in this case, and held that while mere knowledge of a defendant cannot, in and of itself, render a juror disabled, the effect of such knowledge on a juror's mental condition or emotional state may result in rendering the juror disabled. *Reyes v. State*, 30 S.W.3d 409, 410, 412 (Tex.Crim.App.2000). Accordingly, the Court of Criminal Appeals reversed our second opinion, and remanded this case for further consideration. *Id.* at 412.

---

* Senior Chief Justice Paul C. Murphy sitting by assignment.

The Court of Criminal Appeals, in its second opinion, determined that fear of retaliation can render a juror disabled, as that term is used in TEX.CODE CRIM. PROC. ANN. Art. 36.29, when that fear impacts upon the juror's mental condition or emotional state to such a degree as to inhibit the juror from fully and fairly performing his functions as a juror. *Reyes v. State,* 30 S.W.3d at 412. We are left to determine whether the trial court abused its discretion in finding that the dismissed juror could not fully and fairly perform his functions as a juror. *Bass v. State,* 622 S.W.2d 101, 106–07 (Tex.Crim.App.1981). We hold that it did not.

After the jury was sworn and the State presented several witnesses, Robert Medellin ("Medellin"), a juror, during a recess, approached the trial judge and informed her that he believed he knew appellant, as well as other persons in the courtroom. Moreover, Medellin stated that he worked in the area of town where appellant is from, and was concerned of what impact his verdict would have in the future. Because of this concern, Medellin testified that he could not follow his oath as a juror. The trial court then allowed the attorneys to question Medellin in the presence of appellant. During this questioning, Medellin, in response to a question by the trial judge, stated that he could not give a verdict in the case because of fear for his own personal safety. Lastly, the trial court made the following observation:

> Let the record reflect that it really was apparent to the court, that after talking to the juror outside the presence of the defendant, he was even more reluctant to answer questions being in the defendant's presence than he was back in the jury room. I sensed a real reluctance on behalf of the witness to answer these questions ... concerning fear for his own per-

sonal safety because he was in the presence of the defendant. There is no doubt in my mind, that because of his knowledge of the defendant ... that he was emotionally distraught, highly concerned for his own personal safety, concerned as to whether or not he would be forced to violate his conscience and not render a proper verdict because he was concerned about future ramifications and would not be able to fulfill his oath that he took as a juror this morning.

We find that the trial court did not abuse its discretion in concluding that Medellin could not perform his duties as a juror. Appellant's sole point of error is overruled, and the judgment of the trial court is affirmed.