IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00313-CV

 

Clayton Henry,

                                                                      Appellant

 v.

 

Lance A. Fest,

                                                                      Appellee

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court # 03-001082-CV361

 



MEMORANDUM 
Opinion



 








          Clayton Henry challenges a default judgment entered in favor of
Lance Fest.  Henry asserts that the trial
court erred in granting the default judgment because there was a defect in the
return of citation.  Additionally, he
argues that the trial court abused its discretion when it denied his motion for
new trial.  Because the record fails to
show strict compliance with the rules regarding the return of service, we
reverse the default judgment and remand the cause.

BACKGROUND

          Fest
filed suit against Henry, seeking declaratory judgment to confirm that Fest,
not Henry, was the rightful owner of two tracts of land.  The district clerk issued a citation on May 28,
 2003, and served Henry with
the petition and citation on May 30, 2003.  Henry
signed the return receipt on May 30, 2003, and it was received by the district clerk on June 2, 2003.  A
deputy district clerk signed the return receipt and attached it to the
citation.  The “Officer’s Return” on the
citation was never filled out.  After
Henry failed to answer by the date the answer was due, Fest sought and was
awarded a default judgment.  Henry filed
a motion for new trial, arguing the citation was deficient.  The trial court denied the motion, found the
service was proper, and found that Henry did not establish the elements of the Craddock test.

          Strict
compliance with the rules for service of citation must affirmatively appear in
the record for a default judgment to withstand direct attack.  Primate
Const., Inc. v. Silver, 994 S.W.2d 151, 152 (Tex. 1994). 
There are no presumptions in favor of valid issuance, service, and
return of citation in the face of a writ of error attack on a default
judgment.  Id.  Lack of
strict compliance with the Rules of Civil Procedure renders the attempted
service of process invalid and of no effect. 
Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990).  A
default judgment is improper against a defendant who has not been served in
strict compliance with the rules, even if the defendant has actual knowledge of
the lawsuit.  Id. at 836-37.

          Fest
argues that the district clerk complied with the requirements of Texas Rules of
Civil Procedure 106 and 107, even though the clerk did not complete the
return.  We have previously considered
the issue of whether a postal return receipt can be substituted for a completed
officer’s return.  Laidlaw Waste Systems, Inc. v. Wallace, 944 S.W.2d 72, 74-75 (Tex.
App.—Waco 1997, pet. denied).  We held
that by using the postal return receipt in lieu of completing the return, the
district clerk’s service of citation failed to strictly comply with the Rules
of Civil Procedure and would not support the default judgment.  Id. at 74.  Fest
argues that this case is distinguishable from Laidlaw in that the district clerk signed the return receipt.  Fest would thus have us modify our holding in
Laidlaw to allow a postal return
receipt to be used in lieu of an officer’s return if the return receipt is
signed by the clerk.  We decline to
create such an exception to the requirement of strict compliance.   

          Because
the record affirmatively shows a lack of strict compliance with the Rules of
Civil Procedure, we sustain Henry’s first issue.  Id. at 75. 
We thus need not consider his additional issues.  

CONCLUSION

We reverse the default judgment and remand this
cause for further proceedings.

 

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

(Chief Justice
Gray dissenting)

Reversed and
remanded

Opinion
delivered and filed April 13, 2005

[CV06]