NO. 07-06-0153-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 7, 2008
______________________________

TUWI STARKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-05-904188; HONORABLE BOB PERKINS, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
OPINION
          Appellant, Tuwi Starks, appeals his conviction for the offenses of aggravated assault
and aggravated kidnaping and sentences of 14 years confinement in the Institutional
Division of the Texas Department of Criminal Justice for each offense. We affirm.
Background
          Appellant and Charse Kiara had been involved in a relationship that ended when
Kiara filed a criminal complaint against appellant alleging that appellant had assaulted her. 
On the basis of this complaint, appellant was charged with a dating violence offense. Kiara
was scheduled to testify against appellant at the hearing of this charge. On July 1, 2005,
five days before the hearing, appellant stopped Kiara as she was backing out of her garage
and entered her vehicle. Appellant produced a gun and demanded that Kiara write a letter
to the prosecutor retracting her assault complaints. Presumably due to Kiara’s refusal to
write the letter, appellant stated his intent to kill Kiara. Following this statement, a struggle
ensued and one or two shots were fired. Kiara was able to escape the confrontation
unharmed.
          Appellant was subsequently apprehended and was charged with attempted capital
murder, aggravated assault with a deadly weapon, and aggravated kidnaping with a deadly
weapon. The case proceeded to trial where a jury was selected and the State presented
its case in chief. When the State rested, the trial was recessed until the next day. On the
morning of the second day of the trial, the trial court discharged one of the jurors stating
that the juror had become ill. Appellant did not object to the discharge of the juror and the
remaining jurors were informed that the trial would proceed with 11 jurors, but that the
remaining jurors would each have to sign their verdict. Following the close of trial, the
remaining 11 jurors deadlocked on the attempted capital murder charge, but unanimously
found appellant guilty of the aggravated assault and aggravated kidnaping charges and
affirmatively found the deadly weapon allegation true. The jury then sentenced appellant
to 14 years incarceration for each of the offenses for which he was found guilty. The
attempted capital murder charge was subsequently severed from the case and dismissed.
          On appeal, appellant contends that the trial court abused its discretion in
discharging a juror as disabled under Texas Code of Criminal Procedure article 36.29(a)
in an unrecorded proceeding. The State contends that appellant failed to preserve this
issue for appellate review and, alternatively, the trial court did not abuse its discretion in
discharging the juror.
Law and Analysis
          The Texas Constitution requires a jury in a felony criminal trial to be composed of
12 members. Tex. Const. art. V, § 13. However, the Texas Constitution and article
36.29(a) of the Texas Code of Criminal Procedure provide that, if a juror dies or becomes
disabled from sitting, the remaining jury has the power to render a verdict. Id.; Tex. Code
Crim. Proc. Ann. art. 36.29(a) (Vernon 2006). A juror is disabled if the juror is physically,
mentally, or emotionally impaired in a manner that hinders the juror from fully and fairly
performing the functions of a juror. See Valdez v. State, 952 S.W.2d 622, 624
(Tex.App.–Houston [14th Dist.] 1997, writ ref’d). The determination of whether a juror is
disabled is left to the sound discretion of the trial court. Id.
          Appellant admits that he did not object to the discharge of the juror nor to the trial
court’s proceeding to a verdict reached by eleven persons. Thus, we must first determine
whether appellant has preserved any potential error for our review. As a general rule, a
specific objection must be made as soon as possible for error to be preserved for appellate
review. See Tex. R. App. P. 33.1. A primary purpose for requiring a specific and
contemporaneous objection is to advise the trial court of impending error and afford the
court an opportunity to avoid the error or take corrective action to cure the error. See
Young v. State, 137 S.W.3d 65, 70 (Tex.Crim.App. 2004). However, a contemporaneous
objection is not required for an unforeseeable occurrence. Id. Similarly, neither an
objection nor a motion for instruction to disregard is required when the error is incapable
of cure by such an instruction. See id. Thus, a claim of trial court error may be raised for
the first time on appeal only to the limited extent that the error was neither preventable by
timely objection nor curable by timely motion for instruction to disregard. See id. 
          We agree with appellant’s contention that any error in discharging the juror would
not have been prevented by a timely objection since the record reflects that appellant did
not become aware of the juror’s discharge until after the fact. Appellant further contends
that the discharge was incurable. However, appellant’s contention that the trial court could
not have cured any error is premised on the assumption that the prior discharge of the juror
meant that the juror was no longer available for questioning and that the trial court had no
additional information that could have been put into the record that would have justified the
discharge. Therefore, the record does not establish that any error committed by the trial
court in discharging the juror was incurable and, therefore, we hold that appellant was
required to object to the discharge to preserve the issue for appellate review. Since
appellant failed to raise this objection, we conclude that this issue is not properly before
us. 
          Appellant does not identify any authority for his proposition that he was not required
to object to the discharge of the juror in order to raise the point on appeal. Based on our
review of the applicable case law, our sister courts impliedly require a timely objection in
order to challenge a juror discharge on appeal. See generally Reyes v. State, 30 S.W.3d
409, 410 (Tex.Crim.App. 2000); Gilmore v. State, No. 11-96-00383-CR, 2005 Tex.App.
LEXIS 5220, at *7 (Tex.App.–Eastland July 7, 2005, no pet.) (unpublished op.); Brown v.
State, No. 12-01-00117-CR, 2002 Tex.App. LEXIS 4365, at *25-*27 (Tex.App.–Tyler June
18, 2002, no pet.) (unpublished op.). In addition, those courts that have addressed
preservation in the context of juror discharge, though in dicta, have expressly indicated that
specific objection as soon as possible is required to preserve the issue for appellate
review. See Lawrence v. State, No. 14-05-00543-CR, 2006 Tex.App. LEXIS 9344, at *4
(Tex.App.–Houston [14th Dist.] October 26, 2006, pet. ref’d) (unpublished op.) (appellate
issue did not comport with objection raised at trial, so appellate issue waived); Webber v.
State, Nos. 05-03-00482-CR, 05-03-00483-CR, 05-03-01001-CR, 2004 Tex.App. LEXIS
5002, at *5 (Tex.App.–Dallas June 4, 2004, pet. ref’d) (unpublished op.) (because
appellant did not object to trial court’s discharge of juror at trial, appellant cannot complain
of discharge on appeal); Chavez v. State, No. 2-01-345-CR, 2003 Tex.App. LEXIS 759,
at *3-*4 (Tex.App.–Fort Worth January 16, 2003, pet. ref’d) (unpublished op.) (because
grounds for objection were apparent from context, appellant’s issue was preserved for
appellate review). Thus, we hold that appellant waived objection to discharge of the juror
in the present case by failing to specifically object on the record


 at the time the trial court
announced the juror’s discharge.
Conclusion
          As appellant failed to preserve any error in the trial court’s discharge of the juror,
there is nothing presented for our review and we affirm the judgment of the trial court.
 
 
                                                                           Mackey K. Hancock

                                                                                     Justice







  

Publish. 



#8221; a reasonable deduction from the evidence).


 Here, the “rapist”
characterization occurred during argument in the punishment phase of trial after appellant
pled “true” to the enhancement allegation he had been convicted of aggravated sexual
assault of a child. The record before us does not provide details of the facts underlying
appellant’s conviction of the sexual assault offense, so we have no basis to evaluate the
accuracy of the term “rapist” as applied to appellant. Under these circumstances, we are
unwilling to find the trial court abused its discretion by overruling the objection. Appellant’s
third issue is overruled.
          Overruling each of appellant’s three issues, we affirm the trial court’s judgment.
 
James T. Campbell
Justice
 
 
 
Do not publish.