# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-12-00713-CR
## NO. 03-12-00714-CR

**Daniel Joe Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NOS. D-1-DC-09-301898 & D-1-DC-09-301900
HONORABLE MICHAEL LYNCH, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

We withdraw the opinion and judgments issued on June 27, 2014, and substitute the following opinion and judgments in their place. We overrule appellant's motions for rehearing.

A jury found appellant Daniel Joe Hernandez guilty of murder and aggravated assault. *See* Tex. Penal Code §§ 19.02, 22.02. The trial court sentenced Hernandez to thirty-five years' imprisonment for murder and fifteen years' imprisonment for aggravated assault, with the sentences to run concurrently. On appeal, Hernandez asserts that the trial court erred in (1) dismissing a juror as disabled from sitting based on the juror's bias and (2) failing to excuse another juror after the juror expressed bias against Hernandez. We affirm the judgments of conviction.

## BACKGROUND

The facts of this case are thoroughly discussed in this Court's prior opinion in *State v. Hernandez*, 363 S.W.3d 745, 746–48 (Tex. App.—Austin 2011, pet. ref'd). We repeat only those facts that are relevant to our disposition of this appeal.

On the first day of trial, a witness for the State attacked Hernandez in open court, striking him with a closed fist. One of the jurors and a corrections officer would later recall that Hernandez immediately stood up and fought back. After deputies restrained the witness, one of Hernandez's friends who was in the audience jumped over the courtroom divider and attempted to attack the witness but was immediately restrained by deputies. During the courtroom disturbance, but prior to its conclusion, the jury was removed from the courtroom. However, the jury observed the witness's initial attack and Hernandez's reaction. Once the witness and Hernandez's friend had been removed from the courtroom, the trial was recessed for the day.

The following morning, Juror Jessica Mitchell gave the trial court a note which stated that she felt she could no longer be fair and impartial and that she was very afraid. The court called Juror Mitchell into chambers for a brief in-camera interview. Neither Hernandez's counsel nor counsel for the State was present during this or any subsequent interview with any juror. During the interview, the following exchange took place:

> Court: You say in your note here that yesterday's events do two things. One, they put you in fear, and two, that you are not sure you can be fair. Does not being fair mean you don't think given those that you can base your decision just on the facts of the case?
>
> Mitchell: Correct.

2

Juror Mitchell stated that as a result of the courtroom altercation, she was "scared to walk to my car" and that all she wanted to do "was go home and lock my door." She also stated that her fear was exacerbated by the fact that she was a nursing mother with an eleven-week-old child at home.

Following the interview with Juror Mitchell, the court brought in the remainder of the jurors and asked if any of them believed that they "were unable to listen to the evidence and render a fair verdict." Juror Treg Taylor indicated that he would like to discuss the matter further with the court. As we discussed in our prior opinion, during this initial interview, Juror Taylor told the court that he was not sure whether he could put the courtroom incident out of his mind and only consider the evidence. *See id.* at 748–49 (discussing entire interview between Juror Taylor and trial court). As Juror Taylor explained, he believed that Hernandez's body language during the altercation made him appear guilty. The following exchange occurred between Juror Taylor and the court:

| Taylor: | Depending on what I heard though . . . it is possible that I could separate what I saw for the—be able to make a different decision than where I am at now . . . . If, as an example, the defense brings up somebody who says hey, no, Daniel [Hernandez] was here I have got proof. |
| Court: | What you are saying is your burden has shifted. |
| Taylor: | My burden has shifted. |

After further discussion with the trial court, Juror Taylor agreed that if the trial continued he could honestly and definitively tell the trial court if the courtroom altercation would affect his deliberations in any way.

3

Upon returning to the courtroom, the court informed counsel of its interviews with the jury and its decision to dismiss Juror Mitchell based on the court's conclusion that she was disabled within the meaning of article 36.29(a) of the Code of Criminal Procedure. The trial court asked the State and defense counsel if they had any objections to dismissing Juror Mitchell, and both parties stated that they had no objections.[1]

The court then summarized the substance of its conversation with Juror Taylor to the parties. The court stated that it intended to retain Juror Taylor and to interview him again before deliberations to determine if he was disabled. Hernandez moved to dismiss Juror Taylor and for a mistrial. The trial court denied both motions, but stated that defense counsel could re-urge both motions after the conclusion of evidence. Then, the trial court gave the jury a limiting instruction informing them that the courtroom altercation could not affect their deliberations.

Following the conclusion of evidence, the trial court conducted a second interview of Juror Taylor. Juror Taylor stated unequivocally that he had "[n]o doubt in [his] mind" that he could put the courtroom altercation "completely aside" and base his deliberation solely on the evidence. The trial court informed the parties of its conversation with Juror Taylor and its conclusion that Juror Taylor was qualified to remain on the jury. Hernandez re-urged his motions to dismiss Juror Taylor and for a mistrial, which the trial court denied. The jury found Hernandez guilty of murder and aggravated assault, and the trial court sentenced him as outlined above.

Hernandez filed a motion for new trial, asserting that the trial court abused its discretion in retaining Juror Taylor after he expressed actual bias against the defendant. The

---

[1] Counsel did not have a copy or transcript of any of the in-camera interviews during trial.

4

trial court granted the motion for new trial based on its conclusion that once Juror Taylor expressed actual bias, the court had no discretion to retain him. The State appealed the trial court's grant of a new trial. *See* Tex. Code Crim. Proc. art. 44.01(a)(3) (permitting State to take interlocutory appeal from trial court's order granting new trial).

This Court determined that the trial court erred in its conclusion that it was required to dismiss Juror Taylor. *See Hernandez*, 363 S.W.3d at 751–52. As we explained, a trial court has discretion to retain a sitting juror who expresses actual bias against the defendant if the trial court determines that the juror can set aside the bias and remain fair and impartial as to the ultimate issue of the defendant's guilt or innocence. *See id.* We also concluded that no other applicable legal theory supported the trial court's grant of a new trial. *See id.* at 752–54. Therefore, we reversed the trial court's order granting Hernandez's motion for new trial and remanded this case to the trial court. The court of criminal appeals refused Hernandez's petition for discretionary review of our previous opinion. Following remand, the trial court entered judgments of conviction consistent with the jury's verdict. This appeal followed.

## DISCUSSION

Hernandez raises two issues on appeal. First, he asserts that the trial court erred in concluding that Juror Mitchell was disabled within the meaning of article 36.29(a) of the Code of Criminal Procedure. Second, Hernandez argues that the trial court erred in retaining Juror Taylor after Juror Taylor stated that he had shifted the burden of proof to the defense. We address each issue separately.

5

**Juror Mitchell**

In his first appellate issue, Hernandez asserts that the trial court erred in concluding that Juror Mitchell was disabled. Specifically, Hernandez argues that Juror Mitchell's statements to the trial court that she was afraid and biased against Hernandez were insufficient to show that she could not perform her functions as a juror. Therefore, according to Hernandez, Juror Mitchell was not disabled within the meaning of article 36.29 of the Code of Criminal Procedure, and thus the trial court had no authority to allow the trial to proceed with fewer than twelve jurors.[2]

As we discussed in our prior opinion, "[i]f the trial court finds that a juror is disabled, the court can remove the juror without the consent of either party and continue with fewer than twelve jurors." *Id.* at 751; *see also* Tex. Code Crim. Proc. art. 36.29. "[A] juror can be disabled for 'any condition that inhibits [the] juror from fully and fairly performing the functions of a juror,'" including bias for or against the defendant that prevents the juror from remaining fair and impartial as to the defendant's guilt or innocence. *See Hernandez*, 363 S.W.3d at 751–52 (quoting *Griffin v. State*, 486 S.W.2d 948, 951 (Tex. Crim. App. 1972)). The determination of whether bias rises to the level of disabling a juror is left to the discretion of the trial court. *Routier v. State*, 112 S.W.3d 554, 558 (Tex. Crim. App. 2003).

---

[2] The State asserts that Hernandez has not preserved this issue for appeal because defense counsel did not object when the trial court informed the parties that it was dismissing Juror Mitchell. *See Ex parte Garza*, 337 S.W.3d 903, 912–13 (Tex. Crim. App. 2011) (noting that defendant may waive right to have twelve-person jury). Given that defense counsel did not have the benefit of a transcript of Juror Mitchell's comments at the time defense counsel stated that it did not object to her dismissal, we will assume without deciding that Hernandez has preserved this issue for review.

In *Reyes v. State*, the court of criminal appeals upheld a trial court's conclusion that a juror was disabled based on the juror's fear of the defendant. *See* 30 S.W.3d 409, 411–12 (Tex. Crim. App. 2000). In that case, after the jury was sworn in, a juror notified the trial court that he realized that he knew the defendant from high school, that he worked on the same side of town that the defendant lived in, and that he was afraid the defendant might retaliate against him based on his participation on the jury. *See id.* at 410. The court of criminal appeals explained that "while mere knowledge of a defendant cannot, in and of itself, render a juror 'disabled,' the effect of such knowledge on a juror's mental condition or emotional state may result in rendering the juror 'disabled'" if such knowledge "inhibits [him] from fully and fairly performing the functions of a juror." *Id.* at 412 (internal quotations omitted).

Hernandez asserts that *Reyes* is distinguishable from this case because the juror in *Reyes* was disqualified because he was afraid of retaliation, not because he had formed an opinion about the guilt or innocence of the defendant. However, *Reyes* clearly states that a juror can be "disabled from sitting" for "varied reasons beyond physical illness" as long as the emotional or mental disability prevents the juror from being fair, impartial, or even attentive at trial. *See id.* at 411 (citing several appellate court cases affirming conclusion that juror was disabled based on various emotional or mental issues). Thus, the analysis in *Reyes* did not hinge on the source of the juror's bias against the defendant, but rather the fact that it made the juror unable to fully and fairly perform his duties as a juror. *See id.* at 411–12. As our prior opinion explains, a juror's ability to fully and fairly perform his duties as a juror requires that the juror "remain fair and impartial as to the ultimate question, i.e., guilt or innocence." *Hernandez*, 363 S.W.3d at 751.

7

In this case, Juror Mitchell stated that she could not remain fair and impartial about Hernandez's innocence. She also agreed that she was "in such emotional disarray that [she] couldn't listen to the evidence and fairly return a verdict." This fear was based in part on the fact that she was a nursing mother with an eleven-week-old baby at home, and she stated that she was "scared to walk to my car" and that all she wanted to do "was go home and lock my door." Based on this record, we cannot conclude that the trial court abused its discretion in finding that Juror Mitchell was disabled from sitting. We overrule Hernandez's first appellate issue.

**Juror Taylor**

In his second issue on appeal, Hernandez asserts that the trial court erred in failing to disqualify Juror Taylor and failing to grant a mistrial. Specifically, Hernandez asserts that Juror Taylor's statement that his "burden had shifted" such that he might need some affirmative evidence of Hernandez's innocence in order to acquit him indicates that Juror Taylor could not remain fair and impartial. The State asserts that our previous opinion addressed these same issues, and therefore Hernandez's arguments are precluded by the law-of-the-case doctrine.

"Under the law-of-the-case doctrine, a court of appeals is ordinarily bound by its initial decision on a question of law if there is a subsequent appeal in the same case." *Texas Parks & Wildlife Dep't v. Dearing*, 240 S.W.3d 330, 348 (Tex. App.—Austin 2007, pet. denied). If a prior legal conclusion is the law of the case, that conclusion will not be disturbed unless it was "clearly erroneous." *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003).

Hernandez does not claim that our prior opinion was clearly erroneous. Rather, he asserts that our prior opinion only addressed whether the trial court erred in concluding that it was

8

required to dismiss Juror Taylor after he expressed actual bias but did not address Hernandez's current argument that Juror Taylor should have been disqualified because he had shifted the burden to Hernandez to provide some evidence of innocence or alibi.

As our prior opinion explains, "jurors may naturally formulate opinions about the accused during trial on the basis of evidence presented." *Hernandez*, 363 S.W.3d at 751. "Therefore, we do not require that a juror have no opinions or impressions about the accused throughout trial; we require that a juror set aside that bias and remain fair and impartial as to the ultimate question, i.e., guilt or innocence." *Id.* We concluded that the record supported "the trial court's decision to wait until the close of evidence to determine whether Juror Taylor had set aside his bias." *Id.* at 753. Furthermore, we concluded that Juror Taylor's final statement that he could set the courtroom altercation out of his mind and base his decision solely on the evidence supported the trial court's ultimate conclusion that Juror Taylor was qualified to continue in the deliberation. *Id.* Finally, we concluded that the record supported the trial court's conclusion that the courtroom altercation did not bias the jury as a whole. *Id.*

We conclude that Hernandez's argument that Juror Taylor should have been disqualified is governed by the legal conclusions reached in our prior opinion. *See Dearing*, 240 S.W.3d at 338. Juror Taylor's initial indication that the courtroom incident may have shifted his perception of the burden of proof became irrelevant after Juror Taylor stated—and the trial court reasonably believed—that he could put the courtroom incident completely out of his mind and base his decision solely on the evidence presented and the instructions of the trial court. *See Hernandez*, 363 S.W.3d at 753. Hernandez's attempt to re-frame the issue in this appeal is not persuasive. Therefore, we overrule Hernandez's second issue on appeal.

9

## CONCLUSION

Having overruled Hernandez's two appellate issues, we affirm the trial court's judgments of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justice Pemberton and Field

Affirmed on Motion for Rehearing

Filed:   August 22, 2014

Do Not Publish