**Gregory FLOREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–95–01590–CR.

Court of Appeals of Texas, Dallas.

Oct. 30, 1996.

Discretionary Review Refused Feb. 19, 1997.

Randy Taylor, Dallas, for appellant.

Wendy Koster, Assistant District Attorney, Dallas, for appellee.

Before MALONEY, JAMES and MOSELEY, JJ.

## OPINION

MALONEY, Justice.

The jury convicted Gregory Florez of driving while intoxicated (DWI). The trial court assessed a ten year sentence and a fine of $1,000. The trial court then suspended appellant's sentence and placed him on a ten year probation. In a single point of error, appellant contends the trial court erred in excusing a juror under article 36.29 of the Texas Code of Criminal Procedure. We affirm the trial court's judgment.

## BACKGROUND

On Monday, June 19, the trial court began voir dire in appellant's jury trial for felony DWI. Barbara Wheeless, a hairdresser, was one of the twelve sworn and seated jurors. The jury heard testimony through Thursday, June 22. Early the following Friday morning, Wheeless went to the emergency room with sharp pains in her right side and an upset stomach. Her husband telephoned the court and told the judge that she was ill and could not attend trial that day. On Monday, June 26, Wheeless's husband telephoned the court and said Wheeless was still unable to return for jury service.

Tuesday, June 27, the trial court spoke with Wheeless's physician. After talking to her physician, the trial court excused Wheeless from jury service.[1] The next day, June 28, the remaining eleven jurors found appellant guilty of felony DWI.

## DISABLED JURORS

In a single point of error, appellant contends the trial court erred in releasing Wheeless from jury service. He maintains that the testimony during the motion for new trial hearing established that Wheeless worked on Wednesday, June 28, Thursday, June 29, and Friday, June 30.[2] Appellant argues that if Wheeless was able to work, she was able to serve as a juror and the trial court should not have excused her.

### 1. Standard of Review

Determining whether a juror is disabled is within the discretion of the trial court. *Bass v. State,* 622 S.W.2d 101, 106–07 (Tex.Crim. App.1981), *cert. denied,* 456 U.S. 965, 102 S.Ct. 2046, 72 L.Ed.2d 491 (1982). Absent an abuse of discretion, we find no reversible error. *Id.* A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, without reference to any guiding rules and principles. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App.1990); *Gregg v. State,* 881 S.W.2d 946, 950 (Tex. App.—Corpus Christi 1994, pet. ref'd).

### 2. Applicable Law

District court juries must be composed of twelve jurors. TEX.CONST. art. V, § 13; TEX.CODE CRIM.PROC.ANN. art. 33.01 (Vernon 1989). However, in certain circumstances, less than twelve jurors can return a verdict in a felony trial. The code provides that:

Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman. Except as provided in Subsection (b) of this section, however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it.

TEX.CODE CRIM. PROC.ANN. art. 36.29(a) (Vernon Supp.1996). A juror is disabled when some physical illness, mental condition, or emotional state hinders her ability to perform her duty. *Landrum v. State,* 788 S.W.2d 577, 579 (Tex.Crim.App.1990); *Allen v. State,* 867 S.W.2d 427, 429 (Tex.App.— Beaumont 1993, no pet.).

### 3. Application of Law to the Facts

Wheeless's husband telephoned the court Friday morning, June 23, to inform the court that Wheeless was ill and had been taken to the hospital early that morning. Her husband conveyed to the court his belief that Wheeless would be able to return for jury service on the following Monday.

However, on Monday morning, June 26, Wheeless went to see her physician. Wheeless's husband telephoned the court on Monday because Wheeless was still unable to return to jury duty. Her husband told the court he had stayed home Friday, June 23, and Monday, June 26, to take care of her because she was unable to care for herself. On Tuesday, June 27, the trial court spoke directly with Wheeless's physician about her physical condition. The physician stated, "[i]f her house was on fire she could probably get out of there, but other than that, she's in a good deal of pain." Additionally, he told the court that Wheeless's situation was not "trivial" and she was not trying to get out of jury duty.

---

1. Although it is apparent from the record that the trial court excused Wheeless before it read the charge to the jury, the record is unclear exactly when the trial court released Wheeless from jury service.

2. In his brief, appellant contends that Wheeless also worked on Friday, June 23. Appellant does not direct us to that portion of the record where

we could find factual support for this argument. Nor were we able to find any factual support for this statement in the record. To the contrary, Wheeless testified at the motion for new trial hearing that, once she got home from the hospital, she "couldn't get out of bed. [She] was asleep, totally knocked out."

A trial court can consider only those facts available to it at the time it exercises its discretion. At the time the trial court excused Wheeless, all available information before the court indicated she could not perform as a juror because of a physical illness. In light of the facts available to the trial court at the time it excused Wheeless, we conclude that the trial court did not abuse its discretion in finding that Wheeless was disabled from serving as a juror and deciding to proceed with eleven jurors. This Court will not look to "after-acquired" evidence in determining if a trial court abused its discretion. We overrule appellant's sole point of error.

We affirm the trial court's judgment.