Opinion issued October 23, 2003






     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00791-CR




CHARLES WILLIAM CHAMBERS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 02CR0061




MEMORANDUM OPINIONAppellant was charged with burglary of a building with two enhancements. 
Before the jury charge was given, the trial court determined that a juror was disabled. 
The remaining 11 jurors found appellant guilty and sentenced him to 20 years
confinement and a $5,000 fine. We affirm.
Background
          On Wednesday, July 17, 2002, before the charge was read to the jury, Juror
Number 1, Ms. Richie, called the court to explain that she would be unable to perform
her duties. The telephone conversation was on the speaker phone in the trial court’s
chambers. Also present was the defense counsel, the State prosecutor, and the court
reporter, who made an official record of the conversation. 
          Ms. Richie explained that her 16-year old son was suffering from a serious
allergic reaction in a Louisiana hospital. Ms. Richie heard about her son’s condition 
the night before and immediately drove to Baton Rouge that morning at 12:30 a.m. 
He was on an IV, but was not responding to the medication. The boy’s face was
“swollen beyond recognition.” There was a chance that his condition would spread
to his vital organs. She explained that this situation was “very traumatic” to the boy
and to herself. She felt that she could not leave her son while he was in such a
condition; therefore, she could not return to court in Galveston until Friday, July 19,
2002, at the earliest. She further expressed that she would have “great difficulty”
focusing on her responsibilities for the trial if she were forced to drive back to Texas
to serve as a juror. The trial court determined that Ms. Richie was disabled, and the
trial proceeded with 11 jurors. 
 
Disabled Juror
          In his sole point of error, appellant contends that the trial court abused its
discretion in finding that Ms. Richie was disabled. 
          The Texas Constitution requires a jury in a felony criminal trial to be composed
of 12 members. Tex. Const. art. V, § 13. The Texas Constitution and article 36.29
of the Texas Code of Criminal Procedure both provide, however, that if a juror dies
or becomes “disabled” from sitting, the remaining empaneled jury has the power to
render the verdict. Id.; Tex. Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp.
2003). A juror is disabled only when the juror is physically, emotionally, or mentally
impaired in some way that hinders his or her ability to perform the duty of a juror. 
Brooks v. State, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999). The determination as
to whether a juror is disabled is within the discretion of the trial court. Id. Absent an
abuse of that discretion, we will not find reversible error. Id.
          The issue before us is whether the juror was disabled within the context of 
article 36.29(a). Disability is not limited to physical disease, but includes “any
condition that inhibits a juror from fully and fairly performing the functions of a
juror.” Reyes v. State, 30 S.W.3d 409, 411 (Tex. Crim. App. 2000). The disabling
condition may result from physical illness, mental condition, or emotional state. Id. 
Thus, the dismissal of jurors as “disabled from sitting” has been upheld for varied
reasons beyond physical illness. See, e.g., Edwards v. State, 981 S.W.2d 359, 366-67
(Tex. App.—Texarkana 1998, no pet.) (juror’s inability to find child care for son led
trial court to believe that she could not be fair juror or impartially deliberate upon
evidence); Allen v. State, 867 S.W.2d 427, 429-30 (Tex. App.—Beaumont 1993, no
pet.) (juror distraught over two family deaths within 24-hour period); Freeman v.
State, 838 S.W.2d 772, 774 (Tex. App.—Corpus Christi 1992, pet. ref’d) (juror who
provided sole financial support for his family so concerned about absence from job
that he did not feel that he could be attentive during trial).
          According to appellant, Ms. Richie’s statement that she would have “great
difficulty” focusing on the trial due to her son’s condition does not amount to a
disability envisioned by the statute. We disagree. 
          During the hearing, the following exchange took place:
The Court:If we told you to come back, we’d argue the case
this afternoon, are you telling me that you’d have
considerable difficulty in keeping your mind on the
argument of the lawyers and the facts of the case and
deliberating; that you’d be, in effect, disabled from
doing that?
 
Juror Richie:Yes, sir. . . .
          The record reflects that the trial court considered the probability of a significant
delay due to Ms. Richie’s absence, her estimated time of return, and the amount of
time already invested at trial to date. Based on the evidence before it, we hold that
the trial court did not abuse its discretion by dismissing the juror. 
          We overrule the sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 

                                                             Adele Hedges
                                                             Justice
 
Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.4.