Opinion issued December 16, 2004










     
In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00655-CR




ROBERT EARL LEE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 950456




MEMORANDUM OPINION

          A jury found appellant, Robert Earl Lee, guilty of murder,


 made a deadly
weapon finding, and assessed his punishment at 60 years’ confinement and a $10,000
fine. In two issues presented, appellant contends that (1) the trial court erred by
failing to excuse a juror who was shown to be asleep during trial and (2) his trial
counsel was ineffective for failing to request the removal of the sleeping juror or to
move for a mistrial. We affirm. 
Factual Background
          One afternoon in January 2003, Stoney Davis, the murder victim, was sitting
in his car talking with a friend, Stoney Oliver, parked outside of the “Lucky B’s” bar. 
Charles Rudd, the owner of the bar, heard shots from inside the bar. When he looked
outside the bar window, Rudd saw appellant standing at the driver’s side of Davis’s
car with a gun, firing at Davis. Rudd testified that when he went outside, appellant
ran from the scene. Oliver drove Davis to the hospital, where Davis later died. 
          At trial, Rudd testified that he positively identified appellant in a photo spread. 
Oliver testified that neither he nor the victim carried a gun that day and that neither
of them threatened or provoked appellant. Appellant admitted that he shot Davis, but
maintained that he did so in self-defense. The jury rejected this affirmative defense
and found appellant guilty of murder. 
Procedural Background
          During the State’s voir dire, the prosecutor noticed that juror number 10 was
sleeping. Juror number 10 indicated to the prosecutor, however, that he was listening. 
After appellant and the State made their challenges and strikes, juror number 10 was
seated on the jury. In a bench conference, the trial judge expressed her concerns to
both attorneys about juror number 10’s sleeping during the voir dire. The judge also
questioned juror number 10 to determine whether he had any medical conditions that
caused his sleeping or that would prevent him from serving. Juror number 10 denied
having any health condition that caused him to be sleepy, and simply said that he
sometimes got sleepy. The following exchange occurred:
[The Court]: I’m not trying to push you one way or the other, but I
cannot have a juror who falls asleep. I just want to make sure I can get
your commitment you’ll get your rest and you’ll be able to stay awake. 
 
[Juror number 10]: I can let someone else sit.
 
[The Court]: I don’t want that. I’m not trying to get you off the jury. I
just want to make sure that you can give the trial your full attention. 
Can you do that?
 
[Juror number 10]: I can do it.
 
[The Court]: And you can stay awake?
 
[Juror number 10]: Yeah, I can stay awake. 

          At trial, during a recess in the testimony of an eyewitness to the shooting, the
judge noted that juror number 10 appeared to be asleep again. The judge explained
in open court:
For purposes of the record, the deputy indicated to me at one point and
I looked over and I saw the juror that we were concerned about
yesterday asleep. And that is when I had everybody stand up. I do not
think he had been asleep for more than a few seconds because I had been
watching the jury and the witness, but after that, I think he nodded off
for a second or two again. 
 
I coughed loudly. He shook his head. I want the record to reflect that. 
If there is one more incident where I think that he has drifted off, I’m
going to declare that juror to be unable to serve as a juror. I looked up
the law after that happened. Alternates, if he is found–become or found
to be unable to serve, then an alternate may serve. Again, I don’t think,
for purposes of the record, that he was asleep the first time for more than
maybe ten seconds. I think that’s ten seconds too many. 
 
Had the defense requested at this point, I would declare him unable. 
The defense is indicating no. 

          After confirming with her deputies that juror number 10 had been asleep, the
judge explained that, although the defense wanted juror number 10 on the jury, she
would declare him unable to serve if she saw that he drifted off again. 
          When the jury had recessed for lunch, the judge noted that, although she was
not watching juror number 10, she wrote down 8 instances during a 45-minute period
when she heard the deputy coughing, which she assumed was to get juror number
10’s attention. The deputy explained that juror number 10 “nods and within five or
so seconds, he’s back up.” The bailiff and court coordinator confirmed that juror
number 10 had nodded off a few times. 
          After testimony by the nurse who treated Davis, the judge saw juror number
10’s eyes closed. She called juror number 10 to the bench; juror number 10 denied
he had been sleeping and identified the nurse as the most recent witness. The judge
again asked appellant’s counsel if she wanted to keep juror number 10 on the jury and
asked “then for any later complaint, no matter what, strategically you’re making that
decision, is that correct?” Appellant’s counsel responded “Yes.” 
          The following day, the judge again called a brief bench conference to explain
that on the previous day she had asked juror number 10 a question about the witness,
to test whether he was awake and listening, which juror number 10 correctly
answered. Appellant’s counsel said that juror number 10 seemed to be listening, and
confirmed that she wanted him to remain on the jury. 
Analysis
          Removal of Sleeping Juror
          In his first issue, appellant contends that the trial court abused its discretion by
failing to remove juror number 10 from the jury. He argues that the trial court has
authority to remove a juror who becomes unable to serve during the course of a trial
and that juror number 10 was unable to serve because, as the trial court repeatedly
observed, juror number 10 was asleep. 
          Article 36.29 provides that “after the trial of any felony case begins and a juror
dies or, as determined by the judge, becomes disabled from sitting at any time before
the charge of the court is read to the jury, the remainder of the jury shall have the
power to render the verdict.” Tex. Code Crim. Proc. Ann. art. 36.29 (Vernon Supp.
2004-2005). Disability is not limited to physical disease, but also includes “[a]ny
condition that inhibits a juror from fully and fairly performing the functions of a
juror.” Reyes v. State, 30 S.W.3d 409, 411 (Tex. Crim. App. 2000). 
          The determination of whether to excuse a juror pursuant to article 36.29(a) is
within the sound discretion of the trial judge; unless there has been an abuse of
discretion, we will not find reversible error. Brooks v. State, 990 S.W.2d 278, 286
(Tex. Crim. App. 1999). Whether the trial court should remove a sleeping juror
depends on whether the juror “missed large portions of the trial or that the portions
missed were particularly critical.” United States v. Freitag, 230 F. Supp.3d 1019,
1023 (7th Cir. 2000). Although appellant contends the circumstances here met that
test, the record does not reflect this assertion. Rather, it appears that juror number 10
would repeatedly nod off for about five seconds, not for large portions of the trial. 
The record also indicates that he nodded off during portions of the trial that were
favorable to the State (voir dire, a nurse’s testimony), not to appellant.
          Most significantly, appellant did not object at trial to juror number 10’s
continued service on the jury; rather, every time the judge suggested replacing juror
number 10 with an alternate juror, appellant indicated that he wanted juror number
10 to remain on the jury. At one point during the trial, after observing juror number
10 nodding off, the judge noted that “the defense is not requesting—I think to the
contrary, she wants that juror to be on the jury.” Another time, the judge directly
asked appellant, not appellant’s counsel, “Do you want that juror on your jury?” to
which appellant responded, “Yes, Your Honor.” 
 
          Error here, if any, was invited. Because he did not object to juror number 10’s
continued service on the jury, appellant cannot now complain that the trial court
should have removed juror number 10. See Barney v. State, 698 S.W.2d 114, 122
(Tex. Crim. App. 1985) (because defendant refused offer to replace juror with
alternate, no complaint about juror could be brought on appeal).
          We overrule appellant’s first issue. 
          Ineffective Assistance of Counsel
          In his second issue, appellant contends he received ineffective assistance of
counsel. He argues that the trial court gave counsel several opportunities to request
the removal of juror number 10, which his counsel refused, and that his counsel’s
failure to make such a request denied appellant his right to trial by twelve jurors.
          To determine whether a defendant has been denied effective assistance of
counsel, we follow the standard set forth in Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984). First, the appellant must demonstrate that his
counsel’s representation fell below an objective standard of reasonableness under
prevailing professional norms. Strickland, 466 U.S. at 688, 104 S. Ct. at 2064;
Howland v. State, 966 S.W.2d 98, 104 (Tex. App.—Houston [1st Dist.] 1998), aff’d,
990 S.W.2d 274 (Tex. Crim. App. 1999). Second, the appellant must establish that
his counsel’s performance was so prejudicial that it deprived him of a fair trial. 
Howland, 966 S.W.2d at 104. Thus, the appellant must show that a reasonable
probability exists that, but for his counsel’s unprofessional errors, the result of the
proceeding would have been different. Strickland, 466 U.S. at 694, 104 S. Ct. at
2068; Howland, 966 S.W.2d at 104. The appellant has the burden to establish both
of these prongs by a preponderance of the evidence. Jackson v. State, 973 S.W.2d
954, 956 (Tex. Crim. App. 1998). 
          It is presumed that trial counsel’s strategy was sound and that the
representation was reasonable. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). In assessing whether a defendant has
overcome these presumptions, we are limited to the facts of the case. Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We cannot speculate beyond the
record provided. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).
          Appellant argues that because his trial counsel declined the court’s suggestion
to remove juror number 10 from the juror and to replace him with an alternate juror,
counsel was ineffective. However, appellant’s trial counsel repeatedly expressed that
she had strategic reasons for not requesting that juror number 10 be removed. There
is nothing in the record that affirmatively indicates what counsel’s reasoning was, or
that her strategy was unreasonable. The fact that another attorney may have pursued
a different strategy does not necessarily indicate ineffective assistance of counsel.


 
See Hawkins v. State, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983). 
          We overrule appellant’s second issue. We affirm the judgment of the trial court.
 
                                                   Evelyn V. Keyes
                                                   Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
 
Do not publish. Tex. R. App. P. 47.2(b).