COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-239-CR

 

 

GERALD M. WRICE                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

The
issue in this case is whether the trial court abused its discretion by not
excusing a juror for disability based on bias when the juror expressed anxiety
upon learning that the defendant lived in her neighborhood.  We affirm.








Appellant
Gerald M. Wrice pleaded guilty to murder for shooting his girlfriend in the
face with a shotgun.  He went to the jury
for punishment.  At some point during the
testimony, one of the jurors realized that appellant lived in her neighborhood.  On a lunch break, while the bailiff escorted
the rest of the jury to the jury room, the juror held back, pulled the bailiff
aside and said that she did not feel she could be impartial.  The bailiff relayed the comment to the
parties and to the trial court.  After a
hearing in chambers at which both sides and the trial court examined the juror,
the trial court found that the juror was not disabled and allowed her to
continue service over appellant=s motion
for mistrial.  The trial proceeded to
completion and the jury returned a verdict of fifty-five years=
incarceration.  The trial court sentenced
appellant accordingly.

In two
points, appellant contends that the trial court abused its discretion in not
finding the juror disabled and in denying his motion for mistrial. 








Texas
felony defendants have a constitutional right to trial by twelve-member juries.[2]  The code of criminal procedure, however,
provides an exception when the trial court determines that a juror is disabled.[3]  A juror is disabled when  physical, mental, or emotional conditions
inhibit the juror from fully performing the juror=s
duties.[4]  Bias can be a disability if it impairs the
juror=s
ability to function fully and fairly.[5]  We review a trial court=s ruling
on juror disability for an abuse of discretion.[6]

At the
hearing in chambers the juror testified as follows:

VENIREPERSON: It bothered me a little bit on
Tuesday when I found out that the crime had been committed just a few blocks
from where I live.  And I=m sorry as I didn=t come forward sooner, it=s just as it goes on and
on and I find that the Defendant is going, I guess, it=s going B B it=s becoming more apparent
to me that he has strong ties to that neighborhood.  And I=m afraid that I may not be impartial about what
kind of punishment he would be getting because based on his punishment there
will be a time that he will be returning to a neighborhood that is probably
six, seven blocks from where I live.

 

THE COURT: . . . . The question, I guess, at this
point is, you will be given a Court=s charge. 
Can [you] follow the law in the Court=s charge and follow your oath that you that you=ve taken as a juror, Dr.
Taylor, right?  

 

VENIREPERSON: Yes.

 

THE COURT: Can you do that?

 

VENIREPERSON: I=ve been thinking about it
since it really started bothering me this morning.  I guess I can do my best I do feel like I
will go into negotiations not perfectly you know with kind of a personal
interest in what happened to him.

 

. . . .

 








MS. TOURJE [for the State]: Do you think that you
would be able to take those personal feelings that you have and set those aside
and follow what Judge Vick asks of you to follow the law?  I know you said that your [sic] weighing that
right now, but, I mean, if instructed by the Judge to do so, can you do that?

 

MR. CLEVELAND [for the Defense]: . . . . She said
she doesn=t believe she could.

 

VENIREPERSON: Actually I believe B B well, I=m wrestling with it.  I can=t help but I feel I=ll have some sort of
personal interest in what happens to him. 
I think I probably can, although I=ll be a little bit nervous about what happens to
him.  I guess I can still make a decision
that is the proper one and not in my own best interest.

 

THE COURT: Okay. Do y=all have any questions?

 

BY MR. CLEVELAND: 

 

Q.     You=re nervous about what?

 

A.     You
know the B B supposing he were to go
to jail for ten years and be paroled after five and then he comes back into the
community.

 

Q.     That
makes you nervous.

 

A.     It=s likely that we live
close enough together that it=s likely that he would see me.  I spend a lot of time walking around the
neighborhood with my dogs.

 

Q.     And
you stated that you=re afraid you may be B B you ceased to be
impartial.  When did that thought come to
you?

 

. . . .

 








A.     Maybe
not immediately at first because I didn=t realize immediately at first that he had strong
ties to the neighborhood.  As of
yesterday afternoon, I realized that he had strong ties.  I feel he has strong ties where he=ll return if he does goes
away.

 

Q.     Does
that make you feel like you=re going to give him a long prison sentence?

 

A.     One
or the other, actually.

 

. . . . 

 

THE COURT: Can you still consider the entire
range of punishment indicated to you on voir dire?  Can you still consider that the entire range
of punishment?

 

VENIREPERSON: Yes, I can.

 

THE COURT: That includes probation?

 

VENIREPERSON: Yes.

 

. . . . 

 

THE COURT: And you=re telling us here under
oath you could consider the entire range of punishment?

 

VENIREPERSON: Yeah.  It=s difficult for me, but I think I could B B I feel like I have a
vested interest in this, but I think I can put it aside.

 

BY MR. CLEVELAND: 


 

Q.     Can I
just ask her what=s her vested interest in
this?

 

A.     My own safety (emphasis added).








Although
the juror expressed anxiety and concern for her safety as a result of learning
that appellant had committed murder within a few blocks of her home and that
given his ties to the neighborhood he would likely return upon completion of
any term of imprisonment, she testified that she could set aside her personal
feelings and consider the entire range of punishment.  Thus, the trial court reasonably could have
concluded that she was not inhibited from fully and fairly performing her
duties.[7]  We hold, therefore, that the trial court
acted within its discretion in not excusing this juror for a disability based
upon bias, and we overrule appellant=s first
point of error.  

In
appellant=s second point, he contends that
the trial court abused its discretion in denying his motion for mistrial.  Because the motion was premised upon
appellant=s claim that the juror was disabled,
and we have held that the record supports the trial court=s
finding that the juror was not disabled, we further hold that there was no
error warranting the extreme remedy of mistrial and that the trial court acted
within its discretion in denying a mistrial.[8]  Accordingly, we overrule appellant=s second
point.  

 

 

 








Having
overruled both of appellant=s
points, the judgment is affirmed.                                                            PER
CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 19, 2009











[1]See Tex. R. App. P. 47.4.





[2]Tex. Const. art. V, ' 13.





[3]Tex. Code Crim. Proc.
Ann. art. 36.29(a) (Vernon Supp. 2009).





[4]Reyes v. State, 30 S.W.3d 409, 411
(Tex. Crim. App. 2000); Stephens v. State, 276 S.W.3d 148, 152 (Tex.
App.CAmarillo 2008, pet. ref=d).





[5]Reyes, 30 S.W.3d at 411B12. 





[6]Brooks v. State, 990 S.W.2d 278, 286
(Tex. Crim. App.), cert. denied, 528 U.S. 956 (1999); Stephens, 276
S.W.3d at 152.





[7]See Reyes, 30 S.W.3d at 412.





[8]See Ocon v. State, 284 S.W.3d 880, 888
(Tex. Crim. App. 2009); Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim.
App. 2004).