

NUMBER 13-14-00611-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                                      Appellant,

v.

SERGIO BOCANEGRA,                                                                      Appellee.

### On appeal from the County Court at Law No. 1
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Longoria
### Memorandum Opinion by Justice Benavides

By one issue, the State appeals the trial court's granting of appellee Sergio Bocanegra's motion to dismiss based on double jeopardy grounds. The State also raises three sub-issues, which we will address: (1) did manifest necessity exist warranting the trial court's granting of the mistrial; (2) did the trial court err by dismissing

for double jeopardy; and (3) does Texas law require an agreement between the State and defendant to proceed with fewer than six jurors.   We affirm.

## I.   BACKGROUND

Bocanegra was charged with the offense of driving while intoxicated.   *See* TEX. PENAL CODE. ANN. § 49.04 (West, Westlaw through 2015 R.S.).

During a trial on the merits, both the State and Bocanegra proceeded with the *voir dire* portion of the trial, questioning the prospective jury panel.   During the course of that *voir dire* examination, at least four prospective jurors disclosed they had previous convictions for driving while intoxicated, including the complained-of juror in this case, Juror Mendoza.[1]   *See id.*

The following exchange took place between the State and Juror Mendoza when the State asked the venire panel whether any of them had any prior criminal convictions:

| | |
|---|---|
| Juror Mendoza: | I got two DWIs. |
| State: | Two DWIs?   What's your juror number? |
| Court: | It will be 15. |
| State: | Okay.   15?   How long ago were those, Mr. Mendoza? |
| Juror Mendoza: | It was about five years ago. |
| State: | Okay.   And what was the outcome of that case? |
| Juror Mendoza: | I pled guilty. |
| State: | Okay.   Do you feel it was handled fairly? |
| Juror Mendoza: | Yeah. |

---

[1]   We were not provided with the complained-of juror's first name and will refer to him as Juror Mendoza throughout this opinion.

2

| | |
|---|---|
| State: | Do you hold a grudge against the DA's office, or the criminal justice system in general? |
| Juror Mendoza: | No. |
| State: | How about police officers; do you think you would come in here with a preconceived notion about them? |
| Juror Mendoza: | Probably. |
| State: | Okay. Great. Thank you for that. |

Following the conclusion of the parties' *voir dire* examinations, neither side challenged Juror Mendoza for cause. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16 (West, Westlaw through 2015 R.S.). Additionally, neither side asked the trial court permission to follow up on any of Juror Mendoza's responses or used a peremptory strike on Juror Mendoza. As a result, Juror Mendoza was empaneled.

The following morning, the State raised the following issue before the trial court, outside of the jury's presence:

| | |
|---|---|
| State: | Judge, if I may, the State wants to bring to the Court's attention there was a juror that wasn't exactly truthful on the questionnaires when the jury was being selected. There was some arrests and convictions that the juror wasn't truthful about on voir dire. The juror has been impaneled to sit on this jury. It may cause a problem for the State's case, because the State was not able to – |
| Court: | I can grant the mistrial. I don't have a problem. |
| | . . . . |
| State: | Well, Judge before the jury comes in, *the State is now not agreeing to proceed with five jurors*, should this Court find that the juror that was untruthful during jury selection has a bias and should not be on the jury. If the Court makes that determination, and the Court finds manifest necessity to declare a mistrial, when the Court considers less drastic |

3

alternatives by seeking an agreement by the parties to proceed with five, the State is now of the position that they're not willing to proceed with five.

Court:        Let me explain. Everything that I've read in the past 20 minutes coming in and out, it puts the State second to the defendant in all of these cases. It's very simple. If you want to take the chance of having me find that, you have a chance of double jeopardy remaining attached and losing your case without going with five. It looks like the defendants [sic] in the case have made a decision to go ahead and go with five. Do we understand that?

. . . .

Court:        If you don't want to go with five, that's your decision. That's an all or nothing decision; but always remember, everything I've read – everything I've read – and I've got some pretty good stuff – the defendant comes first. Everybody else comes second, very simple. You guys let me know what you're going to do.

Defense #1:  My understanding, just so we're on the same page, is that we're willing to proceed with five. We talked to the client, and he's willing to take his chances.

Court:        Yeah, and the State is saying they don't want to go with five, which is fine. They want me to find manifest necessity, and everything would be unfair because we can put on the record what these jurors said, and we'll sit. . .

. . . .

Court:        Okay. So the State doesn't want to go; The defense is willing to go with five?

Defense #1:  Yes, Your Honor.

Court:        I take it, State, you've got something for the record to show me where one of these jurors has messed up?

State:        That's correct, Your Honor.

Court:        I take it there's not objections. Same thing you have. Same information, I've got him here –

4

Defense #2:   No objection on the issue of [Juror Mendoza].   Neither the State nor the defense knew about his past, or anything like that.   There's no objections to him.   If the State is moving for that juror to be stricken, no objection.

State:   So the defense is not having an objection to the discovery of bias by that juror?

Court:   Well, there's none.   Right here I have [Juror] Mendosa [sic], who we have an exhibit that's being admitted that says, "have you ever been an accused" and he says no, in a criminal case. Meaning he told me, number one, he got two DWIs.   Little did we know – I take it, you have some other evidence that shows me he has three.

State:   He just has there on State's Exhibit number 1, his juror questionnaire, Exhibit number 2[2] is –

Defense #1:   The criminal history?

State:   the NCIC/TCIC.

Court:   He's been arrested three times –

Defense #2:   He's had three convictions.

State:   He has three convictions; two for DWI, one for DWI, a second for DWI second, and a third for failure to stop.

Court:   In this case, I'll find there was a bias on the part of — because of the record, who disclosed, it looks like, answers that weren't truthful when it comes to DWI, and this is a DWI case.

   The trial court now is going to determine whether an alternative action available for this mistrial can be reached, and that's a trial of five.   The defendants have decided that a trial with five people would be fine; but the State is telling me that they would rather go with six.

   . . . .

Court:   [State], do you have any special words you need to say before

---

[2]   The referenced exhibits were not included as part of the appellate record.

we –

State: The State would just be asking this Court to find that manifest necessity exists, after considering less drastic alternatives and grant the State's motion for mistrial.

Court: I'll make that finding. Done.

Defense #2: In response to that, we would also ask the Court to find that there was an opportunity for the State and the defense to agree for less –

Defense #1: A jury of five.

Defense #2: – to pick a jury of five.

Defense #1: It would have been the less drastic alternative.

. . . .

Court: One at a time. I will make a finding of that.

Defense #1: And it was the State who objected to proceeding with five.

The trial court granted the State's motion for mistrial, citing manifest necessity.

Shortly thereafter, Bocanegra filed a motion to dismiss based on double jeopardy.

The trial court conducted a hearing related to the motion, as illustrated by the following exchange:

Court: So manifest necessity does not come in, unless you agree to not go with the case along with the State. And I read the record, and the record said that you didn't agree to it. You did not agree – you agreed to having five jurors.[3]

Defense: Yes, Your Honor. And the State agreed to have five jurors at first, then changed their mind. This is when they brought this law with manifest necessity of something less, or another alternative. However, the Court advised the State at that

---

[3] Based on the arguments of the parties in the reporter's record, initially the State had indicated they would be willing to dismiss Juror Mendoza and proceed with five jurors. Bocanegra also agreed to proceed with less than six jurors. However, when the motion for mistrial was presented to the trial court, the State refused to proceed with less than six, thereby warranting the mistrial according to their argument.

6

time that if they were not going to accept this, that the Court would have no alternative but to grant a double jeopardy against the client and dismiss the case, Your Honor.

. . . .

State:      Okay, Your Honor.   The State's response, just for the record, we do believe that we have a legislative right to a jury trial, Your Honor.   That's the State's position for that.   We believe that it would be an injustice for this case to be dismissed simply because on that transcript, Your Honor, this Honorable Court does rule that there was, in fact, manifest necessity for a mistrial.   *Had there not been a manifest necessity, the State would have continued on with five jurors, Your Honor.*

. . . .

Court:      I don't remember saying that.

. . . .

Court:      I keep telling [the State] this is not about you, the State.   This is about his [Bocanegra's] rights.

State:      Understood, Your Honor.

Court:      If I'm correct.   So it's going to be granted.

(Emphasis added).

The State appealed the trial court's granting of Bocanegra's motion to dismiss. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (West, Westlaw through 2015 R.S.).

## II.   STANDARD OF REVIEW

Generally, a criminal defendant may not be put in jeopardy by the State twice for the same offense.   U.S. CONST. amend. V.; *see Pierson v. State*, 426 S.W.3d 763, 769 (Tex. Crim. App. 2014).   "The constitutional double jeopardy protection embraces the defendant's right to have his trial completed by a particular tribunal."   *Garza v. State*, 276 S.W.3d 646, 650 (Tex. App.—Houston [1st Dist.] 2008), *aff'd*, *Ex parte Garza*, 337 S.W.3d

7

903 (Tex. Crim. App. 2011). "Jeopardy attaches in a jury trial when the jury is empaneled and sworn." *Hill v. State*, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002) (en banc).

"But double jeopardy does not mean that every time a defendant is put to trial he is entitled to go free if the trial ends in a mistrial." *Id.* "There are two exceptions when a criminal defendant may be tried a second time without violating double-jeopardy principles if the prosecution ends prematurely as the result of the mistrial: (1) if the criminal defendant consents to the retrial or (2) there was a manifest necessity to grant a mistrial." *Pierson*, 426 S.W.3d at 770.

"To prevail in a double-jeopardy claim, a criminal defendant must first show that he or she is being tried for the same offense for which the mistrial was declared over the defendant's objection." *Id.* "The burden then shifts to the State to demonstrate a 'manifest necessity' (also referred to as a 'high degree' of necessity) for the mistrial." *Id.* Manifest necessity exists when particular circumstances would cause it to "be impossible to arrive at a fair verdict before the initial tribunal, when it is simply impossible to continue with trial, or when any verdict that the original tribunal might return would automatically be subject to reversal on appeal because of trial error." *Ex parte Garza*, 337 S.W.3d at 909.

"An appellate court reviews a trial court's ruling on a motion for mistrial . . . using an abuse-of-discretion standard of review. We view the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). "We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable." *Id.* "Thus, a

trial court abuses its discretion in denying a [motion for mistrial] only when no reasonable view of the record could support the trial court's ruling." *Id.* However, "although a reviewing court may be required to accord great deference to the ruling of a trial court granting a mistrial, that trial court's ruling is not insulated from appellate review." *Pierson*, 426 S.W.3d at 774.

"A trial court's discretion to declare a mistrial based on manifest necessity is limited to, and must be justified by, extraordinary circumstances." *Ex parte Garza*, 337 S.W.3d at 909. A trial court abuses its discretion when it declares a mistrial "without first considering the availability of less drastic alternatives and reasonably ruling them out." *Id.* "The trial court need not expressly articulate the basis for the mistrial on the record in order to justify it to a reviewing court, so long as manifest necessity is apparent from the record." *Id.* at 909–10. However, "when a trial judge grants a mistrial despite the availability of a less drastic alternative, there is no manifest necessity and he abuses his discretion." *Hill*, 90 S.W.3d at 313.

### III.    APPLICABLE CASE LAW AND DISCUSSION

#### A.    Double Jeopardy

Bocanegra filed a motion to dismiss based on double jeopardy following the granting of the mistrial. The trial court agreed that jeopardy had attached and dismissed his case. In order to "prevail in a double-jeopardy claim, a criminal defendant must first show that he or she is being tried for the same offense for which the mistrial was declared over the defendant's objection." *Pierson*, 426 S.W.3d at 770. We agree that Bocanegra meets the first requirement of proving double jeopardy. The State indicated it was inclined to set the trial for an upcoming date and proceed forward.

9

Since Bocanegra established that the State was trying him on the same case the mistrial was declared on, the burden then "shift[ed] to the State to demonstrate a 'manifest necessity' (also referred to as a 'high degree' of necessity) for the mistrial." *Id.* Manifest necessity exists when particular circumstances would cause it to "be impossible to arrive at a fair verdict before the initial tribunal, when it is simply impossible to continue with trial, or when any verdict that the original tribunal might return would automatically be subject to reversal on appeal because of trial error." *Ex Parte Garza*, 337 S.W.3d at 909.

Here, we hold that the State did not meet its burden to establish manifest necessity. The State requested a mistrial on the grounds of bias without presenting any evidence supporting its claim. The State did not challenge Juror Mendoza for cause during *voir dire*, and subsequently presented no evidence Juror Mendoza would be biased other than his prior criminal convictions, which he revealed during *voir dire*. The State also did not show any evidence that it was forced to use a peremptory strike. Because there is nothing in the record establishing bias, Juror Mendoza should not have been found to be a biased juror after he had been seated on the jury, and it was error for the trial court to excuse him. Therefore, the State would have had the required six jurors and could have continued on with the case.

Because the trial court erred in dismissing Juror Mendoza as a biased juror without any further investigation, we hold that the trial court correctly determined that double jeopardy had attached and dismissed Bocanegra's driving while intoxicated case. *See Pierson*, 426 S.W.3d at 770.

## B.     Mistrial

Although we hold that the trial court properly granted Bocanegra's motion to dismiss, the State also raises as a sub-issue the question of whether manifest necessity existed, thereby warranting the granting of a mistrial by the trial court.

### 1.     Was there a Valid Reason for the Trial Court to Grant a Mistrial?

The State alleged Juror Mendoza was biased due to his failure to disclose his prior convictions for DWI on his juror questionnaire and asked the trial court to dismiss him. The trial court erroneously dismissed Juror Mendoza, even though the defendant finally agreed to the dismissal, thinking the State was willing to go to trial with less than six jurors. Although the State alleged Juror Mendoza lied on his juror questionnaire, Juror Mendoza orally disclosed his prior two driving while intoxicated convictions during the State's *voir dire* examination.   Additionally, when asked by the State if his prior experience with the District Attorney's Office would be a factor held against the State, Juror Mendoza responded "no".[4]   The trial court at no time during the hearing the following morning brought Juror Mendoza into the courtroom to question him regarding any bias he might have stemming from his prior convictions or interactions with the police.

The State argues code of criminal procedure article 36.29 controls the trial court's determination of the dismissal of a juror.   *See* TEX. CODE CRIM. PROC. ANN. art. 36.29 (West, Westlaw through 2015 R.S.).   However, the State is mistaken in this case. Article 36.29 is titled "If a Juror Dies or Becomes Disabled."   *See id.*   Under article

---

[4]  Juror Mendoza did state he would possibly have a preconceived notion regarding police officers; however, neither party challenged him for cause based on that response, nor was that statement brought before the trial court the following day.

36.29, a juror disability constitutes a "physical, mental, or emotional" issue.   *See id.*;

*Reyes v. State*, 30 S.W.3d 409, 411 (Tex. Crim. App. 2000) (en banc).   The State never

alleged before the trial court that Juror Mendoza was disabled under any of the required

conditions.   The State only alleged that Juror Mendoza was biased because he did not

answer his juror questionnaire truthfully, disregarding his truthful answers during the oral

examination.   The court of criminal appeals has held that a "juror's bias or prejudice for

or against a defendant does not render the juror 'disabled'."   *Reyes*, 30 S.W.3d at 412.

In order to establish bias, the trial court should have looked to article 35.16, which

relates to challenging jurors for cause.   *See* TEX. CODE CRIM. PROC. ANN. art. 35.16,

36.29 (West, Westlaw through 2015 R.S).   Article 35.16 lists some of the reasons a party

may challenge a prospective juror for cause.   *See id.* at art. 35.16.   For example, a

"challenge for cause may be made by either the state or the defense for any one of the

following reasons: . . . 2.   The juror has been convicted of misdemeanor theft or a

felony."[5]   *Id.*   Additionally, the State can challenge a juror for cause if "he has a bias or

prejudice against any phase of the law upon which the State is entitled to rely on for

conviction or punishment."   *Id.* art. 35.16(b)(3).   The defense is also entitled to

challenge a juror based on bias if "he has a bias or prejudice against any of the law

applicable to the case upon which the defense is entitled to rely, either as a defense to

some phase of the offense for which the defendant is being prosecuted or as a mitigation

thereof or of the punishment thereof."   *Id.* art. 35.16(c)(2).

The court of criminal appeals has found that "all grounds for challenge for cause

---

[5]   Bocanegra had two prior misdemeanor driving while intoxicated convictions.   *See* TEX. PENAL CODE ANN. § 49.04.

12

may be forfeited." *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). A "challenge for cause is forfeited if not made." *Id.* "It is counsel's responsibility to ask questions specific enough to elicit the answers they require." *Id.* at 113. Following the end of the *voir dire* examination, neither counsel for the State or Bocanegra challenged Juror Mendoza for cause and thereby both forfeited any right to do so at a later time. *See id.*

In order to establish bias after jury selection, the State needed to show actual bias. *See Hailey v. State*, 413 S.W.3d 457, 488 (Tex. App.—Fort Worth 2012, pet. ref'd). The "test is whether the prospective juror's bias or prejudice would substantially impair his ability to carry out his duties in accordance with his instruction and his oath." *Buntion v. State*, 482 S.W.3d 58, 84 (Tex. Crim. App. 2016); *see Wainwright v. Witt*, 469 U.S. 412, 424 (1985). "Where a party wishes to exclude a juror because of bias, it is the party seeking exclusion who must demonstrate, *through questioning*, that the potential juror lacks impartiality." *Buntion*, 482 S.W.3d at 84 (emphasis added). "To establish that a challenge for cause is proper, the proponent of the challenge must show that the prospective juror understood the requirements of the law and could not overcome his prejudice well enough to follow the law." *Id.* "Before a prospective juror may be excused for cause on this basis, the law must be explained to him, and he must be asked whether he can follow that law, regardless of his personal views." *Id.* "In making this decision, we examine the voir dire of the prospective juror as a whole and determine whether the record shows that the prospective juror's convictions would interfere with his ability to serve as a juror and abide by the oath." *Id.*

Here, neither side challenged Juror Mendoza for cause during *voir dire* based on his answers to the prospective juror questions. Any potential "bias" was only brought up the following day, after the jury was empaneled, when the State looked through the juror questionnaires and discovered Juror Mendoza's prior criminal history. However, based on our review of the record, Juror Mendoza did disclose he had two prior convictions for driving while intoxicated during the State's *voir dire*. *See* TEX. PENAL CODE ANN. § 46.04. Because Juror Mendoza was not brought in and questioned regarding these convictions, it was inappropriate for the trial court to dismiss him based on bias.

### 2. Was there Manifest Necessity for a Mistrial?

Because we hold that it was inappropriate for the trial court to dismiss Juror Mendoza for bias based on this record, we further conclude that there was no manifest necessity warranting a mistrial. A mistrial must be based on manifest necessity and be justified by "extraordinary circumstances" that must be "apparent from the record." *See Ex Parte Garza*, 337 S.W.3d at 909–10. Such circumstances do not exist here. Juror Mendoza disclosed his prior convictions during the State's *voir dire* examination, and he said he would not hold his prior experience against the State. With no follow up questions asked by either side, there is nothing in the record supporting the trial court's determination that Juror Mendoza was a "biased" juror that needed to be excused. It was an abuse of discretion to excuse Juror Mendoza as biased based on the information contained in the record. Additionally, neither party challenged Juror Mendoza for cause, therefore, a lack of challenge waives the right to later do so. *See Webb*, 232 S.W.3d at 112. We hold that there was no manifest necessity shown in the record and the trial

court abused its discretion by granting a mistrial.[6]   *See Hill*, 90 S.W.3d at 313.   We overrule the State's sole issue.

**IV.   CONCLUSION**

We affirm the trial court's dismissal of Bocanegra's case based on double jeopardy.


GINA M. BENAVIDES,
Justice


Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
29th day of September, 2016.

---

[6]   Although the State also submits a sub-issue to this Court stating Texas code provisions require the agreement of both the State and defendant to continue to trial with less than six jurors, a determination of this issue is unnecessary to the disposition of this appeal.   *See* TEX. R. APP. P. 47.1.

15